**Mary Ann DOWNS, Beneficiary of Raymond Downs, Deceased, Appellant,**

v.

**CONTINENTAL CASUALTY CO., Appellee.**

**No. 04–99–00111–CV.**

Court of Appeals of Texas, San Antonio.

Aug. 16, 2000.

Rehearing Overruled Nov. 15, 2000.

Kenneth W. Howell, Miller & Henderson, San Antonio, for Appellant.

Joe R. Anderson, Jeffrey R. Jurry, Kristin L. Lemke, Burns Anderson Jury & Brenner, L.L.P., Austin, Tim K. Singley, Thornton, Summers, Biechlin, Dunham & Brown, San Antonio, Bradley D. McClellan, Asst. Atty. Gen., Austin, for Appellee.

Sitting: CATHERINE STONE, Justice, SARAH B. DUNCAN, Justice, KAREN ANGELINI, Justice.

## OPINION

Opinion by: SARAH B. DUNCAN, Justice.

We grant Continental Casualty Co.'s and Mary Ann Downs' motions for rehearing, withdraw our opinion and judgment issued January 26, 2000, and in their place issue this opinion and a revised judgment.

After the Texas Workers' Compensation Commission found Raymond Downs' death was not compensable, it denied the timely claim for death benefits filed by his widow, Mary Ann Downs. Downs appealed, contending Continental Casualty Co. waived its right to deny compensability by failing to either begin the payment of benefits or send notice of its refusal to pay within seven days of the date it received written notice of injury, as required by section 409.021(a) of the Texas Labor Code. The trial court granted Continental Casualty's no-evidence motion for summary judgment and denied Downs' motion, and she appeals. We hold Continental Casualty waived its right to deny compensability, reverse the trial court's judgment, render judgment reversing the decision of the Texas Workers' Compensation Commission, and remand the cause to the trial court for further proceedings consistent with this opinion.

### Factual and Procedural Background

The material facts are not disputed. Downs made a timely claim for death benefits and established her beneficiary status. However, Continental Casualty did not either begin to pay benefits or notify Downs of its refusal to pay until forty-eight days after the date it received the notice of injury.

### Standard of Review

"Interpretation of a statute is a pure question of law over which the [trial] judge has no discretion." *Mitchell Energy Corp. v. Ashworth*, 943 S.W.2d 436, 437 (Tex.1997).

## The Parties' Arguments

■ The relevant statutory provisions are sections 409.021 and 409.022 of the Texas Labor Code. Under section 409.021(a), the carrier "shall" either "begin the payment of benefits" or "notify the commission and the employee in writing of its refusal to pay and advise the employee of: (A) the right to request a benefit review conference; and (B) the means to obtain additional information from the commission" "[n]ot later than the seventh day after the date on which an insurance carrier receives written notice of an injury." Tex. Lab.Code Ann. § 409.021(a) (Vernon 1996).[1] If the carrier opts to refuse to pay, its "notice of refusal to pay benefits under Section 409.021 must specify the grounds for the refusal," and "[t]he grounds for the refusal specified in the notice constitute the only basis for the insurance carrier's defense on the issue of compensability in a subsequent proceeding, unless the defense is based on newly discovered evidence that could not reason-ably have been discovered at an earlier date." Id. § 409.022(a)-(b).[2] From this provision, Downs argues that a carrier that does not either begin paying benefits or send a notice of refusal within the seven day period waives its right to later deny compensability. Continental Casualty argues the contrary, relying upon section 409.021(c), which provides in part that "[i]f an insurance carrier does not contest the compensability of an injury on or before the 60th day after the date on which the insurance carrier is notified of the injury, the insurance carrier waives its right to contest compensability." Id. § 409.021(c). This is in fact the construction adopted by the Texas Workers' Compensation Commission. See Tex. Worker's Compensation Comm'n, Appeal No. 960949, 1996 WL 367060, at *4 (June 28, 1996); Tex. Worker's Compensation Comm'n, Appeal No. 950944, 1995 WL 481670, at *5 (July 24, 1995); Tex. Worker's Compensation Comm'n, Appeal No. 92532, 1992 WL

1. Section 409.021 provides:

   (a) An insurance carrier shall initiate compensation under this subtitle promptly. Not later than the seventh day after the date on which an insurance carrier receives written notice of an injury, the insurance carrier shall:
   (1) begin the payment of benefits as required by this subtitle; or
   (2) notify the commission and the employee in writing of its refusal to pay and advise the employee of:
   (A) the right to request a benefit review conference; and
   (B) the means to obtain additional information from the commission.
   (b) An insurance carrier shall notify the commission in writing of the initiation of income or death benefit payments in the manner prescribed by commission rules.
   (c) If an insurance carrier does not contest the compensability of an injury on or before the 60th day after the date on which the insurance carrier is notified of the injury, the insurance carrier waives its right to contest compensability. The initiation of payments by an insurance carrier does not affect the right of the insurance carrier to continue to investigate or deny the compensability of an injury during the 60–day period.

   (d) An insurance carrier may reopen the issue of the compensability of an injury if there is a finding of evidence that could not reasonably have been discovered earlier.
   (e) An insurance carrier commits a violation if the insurance carrier does not initiate payments or file a notice of refusal as required by this section. A violation under this subsection is a Class B administrative violation. Each day of noncompliance constitutes a separate violation.
   Tex. Lab.Code Ann. § 409.021 (Vernon 1996).

2. Section 409.022 provides:

   (a) An insurance carrier's notice of refusal to pay benefits under Section 409.021 must specify the grounds for the refusal.
   (b) The grounds for the refusal specified in the notice constitute the only basis for the insurance carrier's defense on the issue of compensability in a subsequent proceeding, unless the defense is based on newly discovered evidence that could not reasonably have been discovered at an earlier date.
   (c) An insurance carrier commits a violation if the insurance carrier does not have reasonable grounds for a refusal to pay benefits, as determined by the commission. A violation under this subsection is a Class B administrative violation.
   Tex. Lab.Code Ann. §§ 409.022 (Vernon 1996).

373451, at *3–*4 (Nov. 13, 1992); Tex. Worker's Compensation Comm'n, Appeal No. 92122, 1992 WL 358230, at *5–*6 (May 4, 1992). Under this construction, the only consequence of a carrier's failure to comply with section 409.021(a) is the assessment of the administrative penalty provided for in section 409.021(e).

### Waiver

■ In construing a statute, our objective is to ascertain and give effect to the underlying legislative intent. *Texas Water Comm'n v. Brushy Creek Mun. Util. Dist.*, 917 S.W.2d 19, 21 (Tex.1996). When the language is clear and unambiguous, legislative intent may be determined from the plain and ordinary meaning of the words used. *Albertson's, Inc. v. Sinclair*, 984 S.W.2d 958, 960 (Tex.1999). But even if the statute is unambiguous, we may consider the legislature's objective, the consequences of particular constructions of the statute, and any administrative constructions. Tex. Gov't Code Ann. § 311.023 (Vernon 1998); *see Atascosa County v. Atascosa County Appraisal Dist.*, 990 S.W.2d 255, 258–59 (Tex.1999). Therefore, to resolve whether a statutory provision is intended "to be mandatory or directory, we consider the plain meaning of the words used, as well as the entire act, its nature and object, and the consequences that would follow from each construction." *Sinclair*, 984 S.W.2d at 961. "[U]nless legislative intent suggests otherwise," "[w]e generally construe the word 'shall' as mandatory." *Id.*

■ The purpose of sections 409.021 and 409.022 is clear. With these provisions, the Legislature sought to encourage a carrier uncertain of the compensability of an injury to pay the benefits pending a full investigation of the claim. Thus, it provided the carrier "shall" either pay the benefits or give notice of its refusal to pay within the seven-day period, Tex. Lab. Code Ann. § 409.021(a); and, perhaps most importantly, it provided that the payment of benefits is without prejudice to a

determination of noncompensability within the sixty-day period following notice of an injury, *id.* § 409.021(c), but the carrier is bound by the grounds stated in a premature notice of refusal to pay. *Id.* § 409.022(a). The legislative purpose is thus advanced if we construe "shall" as mandatory. But what if we do not, as Continental Casualty argues? Not only is the legislative purpose underlying sections 409.021 and 409.022 not advanced, but the carrier is encouraged to do precisely what section 409.021(a) says it shall not do— nothing. Then and only then could the carrier escape paying benefits without the risk of being bound by a premature notice of refusal.

■ On rehearing, Continental argues that our construction of section 409.021(a) requires a carrier to begin paying benefits before the benefits have accrued and before Continental can make this determination. We disagree. Our construction of the statute merely requires a carrier to complete and file a form (TWCC–21) on or before the seventh day after the date it receives written notice of an injury. In TWCC–21, a carrier must state either that it is refusing to pay any benefits because it denies the compensability of the injury (because the injury did not occur within the course and scope of employment) or that it will pay one or more types of benefits as required by the Workers' Compensation Act, *i.e.*, if, as, and when a benefit accrues. *See* Tex. Lab.Code Ann. § 409.021(a)(1) ("begin the payment of benefits as required by this subtitle"). Thus, contrary to Continental's argument, a carrier will not be required to begin paying income benefits before they accrue under section 409.082; the carrier will simply be required to state whether it will pay income benefits (or any other type of benefit) if, as, and when they accrue.

Continental also argues our construction of the statute will require it to continue paying benefits even if it later determines the injury is not compensable. We again disagree. If a carrier files TWCC–21

timely and indicates it will pay benefits as they accrue, it then has until the sixtieth day after notice to investigate the injury, and it can deny compensability at any time within this sixty-day period. Tex. Lab. Code Ann. § 409.021(c). If, on the other hand, a carrier files TWCC–21 timely and refuses to pay any benefit, it will be limited to the grounds for refusal stated in its notice unless "there is a finding of evidence that could not reasonably have been discovered earlier," in which case the carrier may reopen the issue of compensability. Tex. Lab.Code Ann. § 409.021(d). Thus, if, as Continental argues, a carrier determines that an injury is not compensable (because of intoxication, for instance) after the seventh day after it receives notice, it may still contest compensability within the sixty-day period.

 Finally, Continental argues a carrier will be exposed to bad faith liability—unfairly—if it files a notice contesting compensability "on information and belief." *See Aranda v. Insurance Co. of North America*, 748 S.W.2d 210, 212–13 (Tex. 1988). However, a carrier is liable for bad faith only if the employee is able to establish the absence of a reasonable basis for denying compensability, and the employer knew or should have known there was not a reasonable basis for denying the claim. *Id.* at 213.

### Attorney's Fees

After our initial opinion was issued, Downs filed a motion to modify our previous judgment to remand the issue of attorney's fees. *See Industrial Disposal Supply Co. v. Perryman Bros. Trash Serv., Inc.*, 664 S.W.2d 756, 761 (Tex.App.-San Antonio 1983, writ ref'd n.r.e.). The motion, which is not opposed by Continental, is granted.

### Conclusion

To effectuate the legislative purpose underlying sections 409.021 and 409.022, we hold that a carrier waives its right to deny compensability if it fails to comply with section 409.021(a) of the Texas Labor Code by either agreeing to begin the payment of benefits or giving written notice of its refusal to pay within seven days after receiving written notice of an injury. We therefore hold that Continental Casualty waived its right to contest compensability, reverse the judgment of the trial court, render judgment reversing the decision of the Texas Workers' Compensation Commission in Appeal Number 970045, and remand the cause for a determination of Downs' attorney's fees.