**Gerald J. MORAN, Appellant,**

**v.**

**The CITY OF HOUSTON and the Fireman's and Police Officer's Civil Service Commission, Appellee.**

**No. 14–00–00363–CV.**

Court of Appeals of Texas,
Houston (14th Dist.).

June 21, 2001.

---

160

Richard H. Cobb, Houston, for appellant.

Timothy J. Higley, Houston, for appellee.

Panel consists of Justices ANDERSON, HUDSON, and SEYMORE.

## OPINION

JOHN S. ANDERSON, Justice.

Appellant, Gerald J. Moran, appeals the trial court's granting of appellees', the City of Houston and the Fireman's and Policeman's Civil Service Commission's (collectively, the "City"), plea to the jurisdiction. We affirm.

### I. BACKGROUND

On April 23, 1993, Moran, an officer with the Houston Police Department ("HPD"), was involved in a police shooting after a high speed pursuit through downtown Houston, resulting in the death of Robert Espinosa. Moran, who was the only officer involved in the pursuit to discharge a firearm, discharged his firearm approximately thirty times, striking Espinosa ten times. HPD's Internal Affairs Division ("IAD") conducted an investigation of the shooting. Based on the IAD's finding that Moran had violated a number of HPD rules and regulations, Moran was suspended indefinitely on October 11, 1993. Moran appealed the suspension to an indepen-

dent third-party hearing examiner. After conducting a two-day hearing, the hearing examiner issued an award on December 13, 1999, finding "just cause" existed for Moran's indefinite suspension. On January 5, 2000, Moran appealed the examiner's award by filing an original petition in district court on the ground that the examiner had exceeded his jurisdiction. The City filed a plea to the jurisdiction asserting, among other grounds, that Moran's original petition was not timely filed. The trial court granted the City's plea to the jurisdiction.

## II.  ANALYSIS

The Texas Local Government Code provides a suspended officer with the option of appealing his suspension to either the civil service commission or to an independent third-party hearing examiner. *See* TEX. LOC. GOV'T CODE ANN. § 143.1016(a) (Vernon 1999) (stating "the appealing fire fighter or police officer may elect to appeal to an independent third party hearing examiner instead of to the commission"). In this case, Moran chose to appeal his indefinite suspension to a third-party hearing examiner. When a police officer elects to appeal an indefinite suspension to a hearing examiner, he waives his right to appeal to the district court except in cases where: (1) the hearing examiner was without jurisdiction; (2) the hearing examiner exceeded his jurisdiction; or (3) the order was procured by fraud, collusion, or other unlawful means. TEX. LOC. GOV'T CODE ANN. § 143.1016(j).

Moran appealed the hearing examiner's award to district court by filing an original petition in which he asserted that the hearing examiner had exceeded his jurisdiction. *Id.* While an appeal from the hearing examiner's order is provided, such an appeal is subject to strict time limitations:

If the basis for the appeal of the hearing examiner's award is based on the grounds that the arbitration panel was without jurisdiction or exceeded jurisdiction, the petition must be filed in district court within 10 days of the hearing examiner's decision.

*Id.* The hearing examiner issued his award on December 13, 1999, and mailed the written decision to Moran's attorney on December 22, 1999. Moran's attorney did not receive notice of the hearing examiner's award until December 28, 1999. Moran filed his original petition in district court on December 5, 2000, twenty-three days after the hearing examiner issued his award.

■ In his second issue, Moran contends his appeal of the hearing examiner's award to the district court was not time barred under section 143.1016(j). Moran argues the presumption that notice is received in the ten-day period after the issuance of the hearing examiner's decision is a rebuttable presumption. Moran relies on *Temple Ind. Sch. Dist. v. English,* 896 S.W.2d 167 (Tex.1995), as controlling authority. In *Temple,* the court considered whether a motion for rehearing filed under section 16(e) of the Texas Administrative Procedure and Texas Register Act is timely if it is filed within twenty days after the party receives actual notice of the agency's final decision by more than twenty days after the date notice of the decision is mailed. *Id.* at 168. The provision at issue stated: " 'A motion for rehearing must be filed by a party within 20 days after the date the party or his attorney of record is notified of the final decision ...' " *Id.* at 169 (quoting TEX. GOV'T CODE ANN. § 2001.146(a)). The statute further provided that a party or attorney of record notified by mail of the agency's final decision is presumed to have been notified on the date the notice is mailed. *Id.* (citing

Tex. Gov't Code Ann. § 2001.142(c)). Thus, the court held a party may rebut the presumption that he was notified on the date of mailing by offering evidence that he actually received notice of the decision at a later date. *Id.*

■ We do not find *Temple* to be either controlling or applicable authority in this case. Unlike the statute at issue in *Temple,* section 143.1016(j) makes no provision for determining the filing date by either the date a party is notified or the date notice is mailed or by any presumption of notification. Section 143.1016(j) provides only that "the petition must be filed within 10 days of the hearing examiner's decision," without any qualifying language.

■ Moran further contends that the hearing examiner's failure to mail the decision to him until nine days after the decision was rendered should not bear on his right to appeal. The Legislature is presumed to intend the plain language of its legislative enactments and, therefore, the courts must give effect to that legislative intent. *Drilex Sys., Inc. v. Flores,* 1 S.W.3d 112, 123 (Tex.1999). While the result in this case may seem harsh or unfair, the Texas Supreme Court has long stated with respect to the courts' role in interpreting statutes:

> "Courts must take statutes as they find them. More than that, they should be willing to take them as they find them. They should search out carefully the intendment of a statute, giving effect to all of its terms. But they must find its intent in its language and not elsewhere.... They are not responsible for omissions in legislation. They are responsible for true and fair representation of the written law. It must be an interpretation which expresses only the will of the makers of the law, not forced or strained, but simply such as the

words of the law in their plain sense fairly sanction and will clearly sustain." *RepublicBank Dallas, N.A. v. Interkal, Inc.,* 691 S.W.2d 605, 607 (Tex.1985) (quoting *Simmons v. Arnim,* 110 Tex. 309, 220 S.W. 66, 70 (1920)). As observed above, noticeably missing from section 143.1016(j) is any language, which would limit that section's requirement that "the petition must be filed within 10 days of the hearing examiner's decision," such as providing for the ten days to be calculated by the date the officer receives the hearing examiner's decision or by the date the decision is mailed to the officer. Section 143.015, which provides for appeals from civil service commission decisions to district courts, states:

> (a) If a fire fighter or police officer is dissatisfied with any commission decision, the fire fighter or police officer may file a petition in district court asking that the decision be set aside. The petition must be filed *within 10 days after the date the final commission decision:*
>
> (1) *is sent* to the fire fighter or police officer by certified mail; or
>
> (2) *is personally received* by the fire fighter or police officer or by that person's designee.

Tex. Loc. Gov't Code Ann. § 143.015 (emphasis added).

■ When the Legislature added section 143.1016 in 1989, section 143.015 in its current form was already in existence. The legislature could have set forth the same time limitations in section 143.1016 as are found in section 143.015, but chose not to do so. When the Legislature has employed a term or phrase in one section of a statute and excluded it in another, we presume the Legislature had a reason for excluding it and that term should not be implied where it has been excluded. *Fireman's Fund County Mut. Ins. Co. v. Hidi,*

13 S.W.3d 767, 769 (Tex.2000); *Laidlaw Waste Sys. (Dallas), Inc. v. City of Wilmer,* 904 S.W.2d 656, 659 (Tex.1995). Moreover, when a statute has been enacted, it is presumed it was done with the Legislature's knowledge of the existing law and with reference to it. *Acker v. Texas Water Comm'n,* 790 S.W.2d 299, 301 (Tex. 1990). We may not rewrite the clear the language set forth in the statute.

Under section 143.1016(j), Moran was required to file his appeal in district court within ten days of the hearing examiner's decision. Moran, however, filed his appeal twenty-three days after the hearing examiner's decision was issued and, therefore, it was not timely filed. Because Moran did not timely file his appeal from the hearing examiner's decision to the district court, the court was without jurisdiction and the case was properly dismissed.

Accordingly, the judgment of the trial court is affirmed.[1]

---

1. Because of our disposition of Moran's second issue, it is not necessary for us to address his first issue asserting that the hearing examiner exceeded his authority by applying the

wrong standard of review to the suspension order.

