Reversed and Remanded and Memorandum Opinion filed April 8, 2004









Reversed and Remanded and
Memorandum Opinion filed April 8, 2004.

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-03-00629-CV

_______________

 

TRINITY UNIVERSAL INSURANCE COMPANY, Appellant

 

V.

 

YOLANDA BERRYHILL, Appellee

_______________________________________________

 

On Appeal from the 11th District Court

Harris County, Texas

Trial Court Cause No. 00‑65452

_______________________________________________

 

M E M O R A N D
U M   O P I N I O N

Appellant, Trinity Universal Insurance Company (ATrinity@), appeals from a judgment in favor
of appellee, Yolanda Berryhill, in Trinity=s action for judicial review of a
workers= compensation commission decision
awarding benefits to Berryhill.  In one
issue, Trinity contends the trial court erred in granting Berryhill=s motion for partial summary judgment
on the ground that Trinity waived its right to contest compensability of her
injury.  We reverse and remand.








Background

Berryhill made a claim under the Texas Workers= Compensation Act (Athe Act@) alleging she was injured on
November 5, 1999 in the course and scope of her employment with AIM
Administrators, Ltd.  She filed her
written notice of injury on March 28, 2000. 
Eight days later, Trinity, AIM=s workers= compensation carrier, filed its ANotice of Refused/Disputed Claim@ contesting that Berryhill sustained
a compensable injury in the course and scope of her employment.[1]

A benefit review conference was held, but the parties did not
reach an agreement.[2]  The parties proceeded to a contested case
hearing.[3]  The hearing officer rendered a written
decision on October 2, 2000 concluding (1) Berryhill sustained a compensable
injury in the course and scope of her employment, (2) she has a continuing
disability as a result of the injury, (3) she timely reported her injury, (4)
she was not barred from pursuing workers= compensation benefits by electing to
receive benefits under a group health insurance policy, and (5) Trinity waived
its right to contest compensability based on Berryhill=s untimely reporting of injury or
election of remedies.  Trinity was
ordered to pay benefits in accordance with the decision.  Trinity filed an appeal with the commission
appeals panel.[4]  The appeals panel did not timely issue a
written decision.  Therefore, the hearing
officer=s decision became the final decision
of the appeals panel.[5]








Trinity filed the underlying action in state district court
on December 22, 2000 seeking judicial review of all issues decided by the hearing
officer and adopted by the appeals panel.[6]  While the case was still pending in the
district court, the Texas Supreme Court decided Continental Casualty Co. v.
Downs holding that a carrier which does not initiate benefits or file a
notice of refusal within seven days after receiving notice of injury may not
contest compensability.  81 S.W.3d 803,
807 (Tex. 2002).[7]  Several weeks after that decision, Berryhill
filed an amended answer citing Downs and pleading that Trinity waived
its right to contest compensability by failing to file its notice of refusal
within seven days after receiving Berryhill=s notice of injury.

Berryhill subsequently moved for partial summary judgment on
the same ground.  The trial court granted
the motion for partial summary judgment. 
After a bench trial on the remaining disability issue, the trial court
entered a final judgment affirming the appeals panel decision.  The trial court denied Trinity=s motion for new trial and motion to
set aside and modify the partial summary judgment.  This appeal followed.

Analysis








In one issue, Trinity contends the trial court erred in
granting Berryhill=s motion for partial summary judgment on the ground that
Trinity waived its right to contest compensability of her injury.  A defendant, as movant, is entitled to
summary judgment if it (1) disproves at least one element of each of the
plaintiff=s theories of recovery, or (2) pleads
and conclusively establishes each essential element of an affirmative defense
thereby rebutting the plaintiff=s cause of action. Burroughs v. APS Int=l, Ltd., 93 S.W.3d 155,159 (Tex. App.CHouston [14th Dist.] 2002, pet.
denied) (citing City of Houston v. Clear Creek Basin Auth., 589 S.W.2d
671, 679 (Tex. 1979)).  Our standard for
reviewing summary judgments is well-established.  Id. (citing Nixon v. Mr. Prop. Mgmt.
Co., 690 S.W.2d 546, 548B49 (Tex. 1985)).  The
summary judgment movant has the burden of showing that there are no genuine
issues of material fact and that it is entitled to judgment as a matter of law.
 Id.  In deciding whether there is a material
disputed fact issue precluding summary judgment, evidence favorable to the
non-movant will be taken as true.  Id.  Every reasonable inference must be indulged
in favor of the non-movant and any doubts resolved in its favor.  Id.

Section
409.021 of the Act sets forth a carrier=s
obligations after receiving a notice of injury. 
The version of section 409.021 governing Berryhill=s claim provided:

(a)  An
insurance carrier shall initiate compensation under this subtitle promptly. Not
later than the seventh day after the date on which an insurance carrier
receives written notice of an injury, the insurance carrier shall:

(1)  begin the
payment of benefits as required by this subtitle; or

(2)  notify the
commission and the employee in writing of its refusal to pay and advise the
employee of:

(A)  the right
to request a benefit review conference; and

(B)  the means
to obtain additional information from the commission.

. . .

(c)  If an insurance carrier does not contest the
compensability of an injury on or before the 60th day after the date on which
the insurance carrier is notified of the injury, the insurance carrier waives
its right to contest compensability.  The
initiation of payments by an insurance carrier does not affect the right of the
insurance carrier to continue to investigate or deny the compensability of an
injury during the 60‑day period.

See Acts 1993,
73rd Leg., ch. 269, ' 1 (amended 2003) (current version at Tex. Lab. Code Ann. ' 409.021 (Vernon Supp. 2004)).[8]








In Downs, the Texas Supreme Court interpreted a
carrier=s obligations under the former
version of section 409.021.  81 S.W.3d at
806B07. 
A carrier must initiate benefits or file a notice of refusal within
seven days of receiving notice of injury. 
See id. at 806.  Taking
some action within seven days after receiving notice of injury entitles the
carrier to a sixty-day period to investigate or deny compensability.  See id. at 807.  However, a carrier that does not initiate
benefits or file a notice of refusal within seven days after receiving notice
of injury may not contest compensability. 
See id.[9]  Relying on Downs, Berryhill asserted
in her motion for summary judgment that Trinity waived its right to contest
compensability because it did not file its notice of refusal within seven days
after receiving her notice of injury.

Trinity contends that Berryhill may not raise this waiver
issue during judicial review because it was not decided by the commission
appeals panel.  Section 410.302 of the
Act provides that judicial review on issues regarding compensability and
benefits Ais limited to issues decided by the
commission appeals panel and on which judicial review is sought.@ 
Tex. Lab. Code Ann. ' 410.302 (Vernon 1996); see St.
Paul Ins. Co. v. Mefford, 994 S.W.2d 715, 719B20 (Tex. App.CDallas 1999, pet. denied) (holding
carrier=s failure to raise its right to
reopen issue of compensability before appeals panel precluded trial court from
considering the right to reopen issue); ESIS, Inc., Servicing Contractor v.
Johnson, 908 S.W.2d 554, 561B63 (Tex. App.CFort Worth 1995, writ denied) (citing
section 410.302 and holding carrier was barred from presenting intoxication
defense to compensability during judicial review by failing to raise it during
the administrative process).








Berryhill responds that she may raise ADowns waiver@ during judicial review because a
waiver issue was considered during the administrative proceeding.  We disagree. 
Although a waiver issue was considered, the ADowns waiver@ issue was not in the administrative
proceeding.  During the administrative
proceeding, Trinity claimed Berryhill=s injury was not compensable because
it did not occur in the course and scope of her employment, she did not timely
report it, and she elected to receive benefits under her group health insurance
policy.  Relying on section 410.022 of
the Act,[10]
the hearing officer determined that Trinity waived its right to contest
compensability based on untimely reporting of injury and election of remedies
by failing to raise these grounds in its notice of refusal.[11]  However, this issue is distinct from the
issue of whether Trinity waived its right to contest compensability altogether
under section 409.021 by failing to timely file its notice of refusal.  The hearing officer made no conclusion on
whether Trinity waived its right to contest compensability altogether by
failing to timely file its notice of refusal.[12]  There is no indication that this issue was
even raised during the contested case hearing.








Nevertheless, Berryhill asserts she may raise ADowns waiver@ for the first time during judicial
review because she had Agood cause@ for failing to raise it during the administrative
proceeding.  She notes Downs was
not decided by the Texas Supreme Court until after the judicial review was
filed.  She further notes the commission
had previously advised that the San Antonio court=s Downs decision should not be
considered precedent until finally disposed of by the Texas Supreme Court.  See Tex. Workers= Comp. Comm=n Advisory 2000-07 (2000); Advisory
2001-02 (2001); Advisory 2002-08 (2002).[13]








However, the Act contains no Agood cause@ exception to section 410.302.  See generally Tex. Lab. Code Ann. '' 410.301B308.[14]  AThere is no provision in the Act
authorizing the trial court to enlarge this scope of review by considering
issues, or evidence probative of issues, that were not determined by the
commission appeals panel.@  ESIS, Inc.,
908 S.W.2d at 562 (rejecting employer=s argument it should have been
allowed to introduce intoxication evidence for the first time on judicial
review because it was Anewly discovered@ after the appeals panel decision).[15]  We recognize Berryhill may have merely relied
on the commission=s advisories in failing to raise the waiver issue before Downs
was finally decided by the Texas Supreme court.[16]  Nevertheless, we must apply section 410.302
as written.  See Drilex Sys., Inc. v.
Flores, 1 S.W.3d 112, 123 (Tex. 1999) (recognizing the Legislature is
presumed to intend the plain language of its enactments, and courts must give
effect to that intent although the result may seem harsh); Moran v. City of
Houston, 58 S.W.3d 159, 162 (Tex. App.CHouston [14th Dist.] 2001, pet.
denied) (recognizing courts must take statutes as they find them although the
result may seem harsh or unfair).[17]








Berryhill also urges she may now raise Downs because
it applies retroactively.  Downs
has indeed been applied retroactively by the commission appeals panels in that
it governs claims that accrued before Downs.  See Tex. Workers= Comp. Comm=n, Appeal No. 030141, 2003 WL
1733948, at *1 (March 4, 2003) (finding carrier waived right to contest
compensability despite carrier=s argument that injury arose before Downs); Tex.
Workers= Comp. Comm=n, Appeal No. 022274, 2002 WL
31474068, at *1B2 (Oct. 17, 2002) (rejecting carrier=s argument that Downs should
not apply retroactively); see also Baker Hughes, Inc. v. Keco R. & D.,
Inc., 12 S.W.3d 1, 4 (Tex. 2000) (stating that, as a rule, court decisions
apply retroactively).  However, the Act
still requires that the particular waiver issue, to which Downs would
apply retroactively, be raised during the administrative proceeding before it
is subject to judicial review.[18]  

Here, because the ADowns waiver@ issue was not decided by the appeals
panel, the trial court is precluded from considering it during the judicial
review.[19]   Therefore, the trial court erred in granting
partial summary judgment on the ground that Trinity waived its right to contest
compensability by failing to file its notice of refusal within seven days after
receiving Berryhill=s notice of injury.  We
sustain Trinity=s sole issue.

Finally, Trinity requests that we sanction Berryhill=s counsel because he has argued the
trial court could consider the waiver issue when he knew the issue could not be
raised for the first time during judicial review.  However, because Downs was decided
after the judicial review was filed and there are no reported cases on its
application when the waiver issue is raised for the first time during judicial
review, we find no sanctionable conduct in counsel=s arguments.








Accordingly, we reverse the final judgment and remand for
further proceedings consistent with this opinion.

 

 

/s/        Charles W. Seymore

Justice

 

Judgment rendered
and Memorandum Opinion filed April 8, 2004.

Panel consists of
Justices Fowler, Edelman and Seymore.

 

 

 











[1]  Trinity
asserted that Berryhill was on a lunch break, not furthering her employer=s business, and not within her employer=s premises when she was injured.





[2]  See
generally Tex. Lab. Code Ann.
'' 410.021-034 (Vernon 1996 & Supp. 2004).





[3]  See
generally Tex. Lab. Code Ann.
'' 410.151-169 (Vernon 1996 & Supp. 2004).





[4]  See
generally Tex. Lab. Code Ann.
'' 410.201-208 (Vernon 1996 & Supp. 2004).





[5]  See Tex. Lab. Code Ann. ' 410.204(a),(c) (Vernon 1996).





[6]  See generally
Tex. Lab. Code Ann. '' 410.251-308 (Vernon 1996 & Supp. 2004).





[7]  The court
affirmed a decision of the San Antonio Court of Appeals issued while Berryhill=s contested case hearing was pending.  See Downs v. Cont=l Cas. Co.,
32 S.W.3d 260 (Tex. App.CSan Antonio 2000), aff=d 81 S.W.3d
803 (Tex. 2002).  All subsequent
references to Downs are to the Texas Supreme Court=s decision unless otherwise noted.





[8]  Section
409.021 has been amended, and a carrier is now allowed fifteen days to initiate
benefits or notify the commission and the claimant of its refusal to pay
benefits. See Tex. Lab. Code Ann.
' 409.021. 
However, the amendments apply to injuries occurring on or after
September 1, 2003.  See id.  The version of section 409.021 in effect at
the time of Berryhill=s injury governs her claim.  See id.





[9]  Section
409.021 was amended after Downs and now specifically provides that a
carrier which fails to comply with section 409.021(a) does not waive the
right to contest the compensability, but commits an administrative
violation.  See Tex. Lab. Code Ann. ' 409.021(a-1).





[10]  Section
410.022 provides that a carrier=s notice of refusal under Section 409.021 must specify
the grounds for refusal. Tex. Lab. Code
Ann. ' 409.022(a) (Vernon 1996).  The grounds for refusal specified in the
notice constitute the only basis for the carrier=s
defense on the issue of compensability in a subsequent proceeding, unless the
defense is based on newly discovered evidence that could not reasonably have
been discovered at an earlier date. Tex.
Lab. Code Ann. ' 409.022(b) (Vernon 1996).





[11]  The hearing
officer also determined that Trinity=s
subsequent defense on these grounds was not based on newly discovered evidence
which could not have been reasonably discovered at an earlier date.  See Tex.
Lab. Code Ann. ' 409.022(b). 





[12]  Instead, the
hearing officer considered the merits of Trinity=s
remaining challenge to compensabilityCwhether
the injury occurred in the course and scope of Berryhill=s employment.





[13]  While
Berryhill=s contested case hearing was pending, the commission
issued Advisory 2000-07 stating it had consulted with the Attorney General and
understood the San Antonio court=s Downs
decision  Ashould
not be considered as precedent at least until it becomes final upon completion
of the judicial process.@  See
Advisory 2000-07.  After Trinity filed
for judicial review, the commission reiterated this advice.  See Advisory 2001-02.  After the Texas Supreme Court affirmed Downs,
the commission advised that the decision was not final until all opportunities
for rehearing were exhausted, but stated parties may present the Downs
issue to the commission.  See
Advisory 2002-08.  Ten days after
Advisory 2002-08, Berryhill raised the ADowns waiver@ issue
in her amended answer.





[14]  The only
statutory exception to section 410.302 is that evidence of the extent of
impairment is not limited to that presented to the commission if the court,
after a hearing, finds that there is a substantial change of condition.  See Tex.
Lab. Code Ann. ' 410.307.





[15]  In contrast,
the Act allows an issue not raised at a benefit review conference to be raised
at a contested case hearing upon a finding of Agood
cause.@  See Tex. Lab. Code Ann. ' 410.151; see also Tex. Workers= Comp. Comm=n,
Appeal No. 022274, 2002 WL 31474068, at *3 (Oct. 17, 2002) (holding contested
case hearing officer did not abuse his discretion in finding Agood cause@ to
allow claimant to raise ADowns waiver@ at hearing although not raised at benefit review
conference).  However, there is no
similar provision allowing a new issue to be raised in judicial review upon a
finding of Agood cause.@  When the Legislature has employed a term or
phrase in one section of a statute and excluded it in another, we presume the
Legislature had a reason for excluding it and that term should not be implied
where it has been excluded.  Moran v.
City of Houston, 58 S.W.3d 159, 162B63 (Tex.
App.CHouston [14th Dist.] 2001, pet. denied) (citing Fireman=s Fund County Mut. Ins. Co. v. Hidi, 13 S.W.3d 767, 769 (Tex. 2000); Laidlaw Waste
Sys. (Dallas), Inc. v. City of Wilmer, 904 S.W.2d 656, 659 (Tex. 1995)).





[16]  We note,
however, that commission appeals panels have barred carriers from contesting
compensability based on Downs despite the carriers= arguments that they did not timely contest
compensability because they relied on the commission=s previous advisories. 
See, e.g., Tex. Workers= Comp.
Comm=n, Appeal No. 030141, 2003 WL 1733948, at *1 (March 4,
2003); Tex. Workers= Comp. Comm=n,
Appeal No. 022274, 2002 WL 31474068, at *1B2.





[17]  We recognize
the Act must be liberally construed to carry out its purpose of compensating
injured workers.  Albertson=s, Inc. v. Sinclair, 984 S.W.2d 958, 961 (Tex. 1999). 
However, even applying a liberal construction, section 410.302 clearly
precludes judicial review of an issue that was not raised during the
administrative process, and we may not read an exception into section 410.302
that is not there.  See St.
Paul Fire & Marine Ins. Co. v. Bjornson, 831 S.W.2d 366, 371 (Tex. App.CTyler 1992, no writ) (stating while workers= compensation laws should be liberally construed in
favor of the injured claimant, courts are not at liberty to adopt a
construction which is contrary to the plain and unambiguous language of the
statute); see also Moran, 58 S.W.3d at 162 (recognizing courts, in
enforcing statutes, are not responsible for omissions in legislation).





[18]  Berryhill=s argument is somewhat inconsistent.  She urges Downs applies
retroactively.  Thus, Trinity is barred
from contesting compensability irrespective of the date of her injury.  Conversely, she suggests Downs was not
the law until decided by the Texas Supreme Court.  She contends that she should be excused from
raising ADowns waiver@ during the administrative proceeding.  Nevertheless, the Downs court
interpreted a statute in effect at the time of Berryhill=s injury.  See
81 S.W.3d at 806B07.  As such,
the court did not create new law, but rather recognized law effective and
applicable on the date in question.  See
Baker Hughes, Inc., 12 S.W.3d at 4.





[19]  In Hefley
v. Sentry Insurance Co., No. 04-02-00881-CV, 2003 WL 22794295 (Tex. App.CSan Antonio Nov. 26, 2003, no pet. h.), the court
rejected a claimant=s attempt to raise ADowns waiver@ for the
first time during judicial review.  However,
Hefley has not been released for publication and is, thus, subject to
revision.  Id. at *1.  The claimant sought judicial review of an
appeals panel decision that he did not sustain a compensable injury.  Id. 
Downs was subsequently decided by the Texas Supreme Court, so the
claimant amended his petition to assert waiver. 
Id.  The trial court struck
the waiver allegation.  Id.  The court of appeals affirmed and held that
pursuant to section 410.302, waiver was beyond the permissible scope of
judicial review because it was not an issue before the appeals panel.  Id. at *2B3.  Further, the
court rejected the claimant=s argument that he should be excused from the application
of section 410.302 because the commission refused to follow the San Antonio
court=s Downs decision by issuing Advisory
2000-07.  Id.  The court concluded it was not the commission=s departure from the law, but rather the claimant=s failure to exercise a right, which deprived him of
an administrative remedy or made his administrative remedy inadequate.  Id.