Affirmed and Opinion filed July 27, 2004









Affirmed and Opinion filed July
27, 2004.

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-03-00869-CV

_______________

 

ROSIE RISTON, Appellant

 

V.

 

JOHN DOE #1 A/K/A THYSSENKRUPP
ELEVATOR CORPORATION 

D/B/A THYSSENKRUPP ELEVATOR D/B/A DOVER ELEVATOR 

D/B/A DOVER ELEVATOR COMPANY D/B/A DOVER, Appellee

________________________________________________________________

 

On Appeal from the 113th District Court

Harris County, Texas

Trial Court Cause No. 02‑47694‑A

________________________________________________________________

 

O P I N I O N

Appellant, Rosie Riston, appeals a summary judgment
dismissing her personal injury claims against appellee, John Doe #1 a/k/a
ThyssenKrupp Elevator Corporation d/b/a ThyssenKrupp Elevator d/b/a Dover Elevator
d/b/a Dover Elevator Company d/b/a Dover 
(AThyssenKrupp@), based on the statute of
limitations.  We affirm.








I. 
Background

Riston claims she was injured on September 23, 2000 when she
was struck by an elevator door at Houston Intercontinental Airport.  She originally sued the City of Houston
only.  However, she filed a first amended
petition on September 22, 2002 adding AJohn Doe #1,@ AJohn Doe #2,@ AJohn Doe #3,@ AJohn Doe #4,@ and AJohn Doe #5@ as defendants.  Riston alleged that these defendants designed,
manufactured, sold, installed, built and/or maintained the elevator.  She asserted causes of action for negligence,
product liability, breach of warranties, and strict liability.  On September 25, 2002, Riston filed a second
amended petition naming AJohn Doe #1 a/k/a ThyssenKrupp Elevator Corporation d/b/a
ThyssenKrupp Elevator d/b/a Dover Elevator d/b/a Dover Elevator Company d/b/a
Dover@ in place of AJohn Doe #1.@[1] 
ThyssenKrupp was served on October 25, 2002.[2]








ThyssenKrupp moved for summary judgment asserting that (1)
Riston did not file suit against ThyssenKrupp within the two-year statute of
limitations, and (2) Riston could not assert breach of warranty claims against
ThyssenKrupp because it did not design, manufacture, market, sell, or install
the elevator.[3]  The trial court granted the motion for
summary judgment, dismissed all Riston=s claims against ThyssenKrupp, and
severed the claims against Thyssenkrupp from the remaining claims.

II. 
Standard of Review

When a defendant moves for summary judgment on the basis of
an affirmative defense such as limitations, it has the burden to conclusively
prove all the elements of the affirmative defense as a matter of law.  KPMG Peat Marwick v. Harrison County Hous.
Fin. Corp., 988 S.W.2d 746, 748 (Tex. 1999).  If the movant establishes that the statute of
limitations bars the action, the nonmovant must then adduce summary judgment
proof raising a fact issue to avoid the statute of limitations.  Id. 
In reviewing a summary judgment, we take as true all evidence favorable
to the nonmovant and make all reasonable inferences in the nonmovant=s favor.  Id. 
Because the propriety of a summary judgment is a question of law, we
review the trial court=s decision de novo.  Natividad
v. Alexsis, Inc., 875 S.W.2d 695, 699 (Tex. 1994).

III.  Statute of Limitations








In her sole issue, Riston contends the trial court erred by
granting ThyssenKrupp=s motion for summary judgment because the statute of
limitations was tolled based on the doctrines of misnomer, due diligence, and
relation back.[4]  Riston does not dispute that she first named
ThyssenKrupp as a defendant in her second amended petition, filed after the
statute of limitations expired.  See
Tex. Civ. Prac. & Rem. Code Ann.
' 16.003(a) (Vernon 1986) (prescribing
two-year statute of limitations for personal injury claims).  However, Riston contends her timely first
amended petition naming AJohn Doe #1@ tolled the statute of limitations because AJohn Doe #1@ was a misnomer for
ThyssenKrupp.  Riston further contends
that she tolled the statute of limitations because she used due diligence to
serve ThyssenKrupp, and, therefore, the date of service related back to the
filing of her timely first amended petition.

This case presents an issue of first impression in
Texas.  The parties do not cite, and we
have not found, any Texas law addressing the use of a AJohn Doe@ petition to toll the statute of
limitations, except where specifically authorized by statute.  However, for the reasons stated below, we
refuse to allow Riston=s AJohn Doe@ petition to toll the statute of limitations.[5]

A.        The
misnomer doctrine Does Not Apply to a AJohn Doe@ Petition.

First, the misnomer doctrine is not applicable here.  Misnomer arises when the plaintiff merely
misnames the correct defendant.  Chilkewitz
v. Hyson, 22 S.W.3d 825, 828 (Tex. 1999); Enserch Corp. v. Parker,
794 S.W.2d 2, 4 (Tex. 1990).  In such a
case, limitations is tolled and a subsequent amendment of the petition relates
back to the date of the original petition. 
Enserch Corp., 794 S.W.2d at 4B5.








However, AJohn Doe@ is not a misnomer for any person or entity.  See Grantham v. Blount, Inc.,
683 So.2d 538, 541 (Fla. Dist. Ct. App. 1996) (stating that AJohn Doe@ is not a misnomer).  Instead, AJohn Doe@ is a fictitious name used in legal
proceedings to designate a person whose identity is unknown.  See Black=s Law
Dictionary 845 (7th ed.
1999);[6]
see also Webster=s Third New
International Dictionary
1218 (1993).  AA plaintiff uses [>John Doe=] intentionally to identify the fact
that the defendant=s real identity is unknown.@ Grantham, 683 So.2d at
541.  In addition, the misnomer doctrine
is applicable when a plaintiff has made a mistake.  See Pierson v. SMS Fin. II, L.L.C.,
959 S.W.2d 343, 347 (Tex. App.CTexarkana 1998, no pet.); Cortinas v. Wilson, 851
S.W.2d 324, 326B27 (Tex. App.CDallas 1993, no writ). 
Riston=s naming AJohn Doe@ instead of ThyssenKrupp was clearly
not a mistake.  See Jacobsen v.
Osborne, 133 F.3d 315, 321 (5th Cir. 1998) (recognizing that for a AJohn Doe@ defendant, there is no mistake in
identifying the correct defendant; rather, the problem is not being able to
identify that defendant).[7]  Therefore AJohn Doe@ was not a misnomer for ThyssenKrupp
or any other defendant.

B.               
A AJohn Doe@ Petition Does Not Toll
Limitations As To An Unknown Defendant.

 

Because AJohn Doe@ was not a misnomer for ThyssenKrupp or any other defendant,
Riston named an unknown defendant. 
ThyssenKrupp asserts that a petition which fails to identify the
defendant does not toll limitations.  We
agree for several reasons.

1.         No Texas Statute Generally Authorizes AAJohn Doe@ Petition To Toll Limitations As To An
Unknown Defendant.








The Texas Legislature has not generally authorized a
plaintiff to initiate suit and toll limitations by suing an unknown defendant
as AJohn Doe@ or any other fictitious name.  See Maury v. Turner, 244 S.W. 809, 812
(Tex. Com. App. 1922) (recognizing there is no authority to proceed against
unknown persons in the absence of statute); see also Grantham, 683 So.2d
at 540B41 (recognizing there is no common
law permitting AJohn Doe@ actions to extend limitations).  The Texas Legislature has authorized the use
of a AJohn Doe@ petition to toll limitations as to
unknown defendants only in certain circumstances.  For example, section 16.0045 of the Texas
Civil Practice and Remedies Code provides that the five-year statute of
limitations for personal injury suits based on sexual assault is tolled by the
filing of a petition alleging that the identity of the defendant is unknown and
designating the unknown defendant as AJohn or Jane Doe.@ 
Tex. Civ. Prac. & Rem. Code
Ann. ' 16.0045 (Vernon 2002).[8]  However, there is no similar provision in the
two-year statute of limitations for personal injuries suits that are not based
on sexual assault.  See Tex. Civ. Prac. & Rem. Code Ann. ' 16.003(a).  If the Legislature had intended for the
two-year statute of limitations to be tolled as to unknown defendants by the
filing of a AJohn Doe@ petition, it could have included
such a provision in the statute.  See
Laidlaw Waste Sys. (Dallas), Inc. v. City of Wilmer, 904 S.W.2d 656, 659
(Tex. 1995) (stating that when the Legislature has employed a term or phrase in
one section of a statute and excluded it in another, it is presumed the
Legislature had a reason for excluding it, and the term should not be implied
where it has been excluded); see also Moran v. City of Houston, 58
S.W.3d 159, 162B63 (Tex. App.CHouston [14th Dist.] 2001, pet. denied).

2.         In Deciding If Limitations Has Tolled,
A AJohn Doe@ Petition Should Be Treated
The Same As A Petition Involving A Misidentification.








Further, although a AJohn Doe@ petition involves an unknown
defendant, for limitations purposes, it should be treated the same as a
petition involving misidentification. 
Misidentification is distinct from misnomer.  Enserch Corp., 794 S.W.2d at 4.  Misidentification arises when two separate
legal entities actually exist and a plaintiff mistakenly sues the entity with a
name similar to that of the correct entity. 
Chilkewitz, 22 S.W.3d at 828; Enserch Corp., 794 S.W.2d at
5.  In such a case, the plaintiff has
sued the wrong party and limitations is not tolled.  Enserch Corp., 794 S.W.2d at 5.[9]  It would be difficult to justify a set of
rules that extended limitations when a plaintiff intentionally named a
fictitious defendant, but barred an action when a plaintiff misidentified the
defendant.  See Grantham, 683
So.2d at 542.  In either case, the true
defendant was not notified of the action before limitations expired.  See id.; cf. James v. Gruma Corp.,
129 S.W.3d 755, 761 (Tex. App.CFort Worth 2004, pet. denied) (recognizing primary reason
that limitations is tolled in cases of misnomer is that the party intended to
be sued has been served and put on notice that he is the intended defendant);
see also Pierson, 959 S.W.2d at 347 (stating main distinction between
misnomer and misidentification is whether the correct party received notice of
the suit).[10]

3.         Policy Reasons Why A AJohn Doe@ Petition Should Not Toll
Limitations Unless Authorized By Statute.








Finally, statutes of limitations would have little, if any,
import if they could easily be circumvented by filing a AJohn Doe@ petition.  See Thomas v. Process Equip. Corp.,
397 N.W.2d 224, 226 (Mich. Ct. App. 1986). 
Statutes of limitations are designed to compel the assertion of claims
within a reasonable time so the opposing party has a fair opportunity to defend
while witnesses are available and the evidence is fresh in their minds.  See Natural Gas Pipeline Co. of America v.
Pool, 124 S.W.3d 188, 199 (Tex. 2003); Willis v. Maverick, 760
S.W.2d 642, 644 (Tex. 1988).  Statutes of
limitations also prevent fraudulent and stale claims from surprising the other
party.  See Pool, 124 S.W.3d at
199; Hallaway v. Thompson, 148 Tex. 471, 478, 226 S.W.2d 816, 820
(1950).  However, allowing a AJohn Doe@ petition to toll limitations would
expand the period for filing claims indefinitely, discourage prompt
investigation and resolution of claims, and potentially deny defendants
otherwise available defenses.  See
Moore v. Michelin Tire Co., 603 N.W.2d 513, 523 (S.D. 1999); see also
Grobe v. McBryde, 468 P.2d 936, 939B40 (Ariz. 1970) (recognizing
potential abuse inherent in permitting the use of fictitious names to toll
limitations indefinitely while the plaintiff perfects his case); Lunn v.
American Maint. Corp., 618 P.2d 343, 345 (Nev. 1980) (recognizing that
allowing AJohn Doe@ complaint to toll limitations where
defendant had no notice of suit before limitations expired would impair
defendant=s ability to timely investigate
accident scene, marshal evidence, and locate witnesses); Huggard v. Wake
County Hosp. Sys., Inc., 403 S.E.2d 568, 571 (N.C. App. 1991), aff=d, 411 S.E.2d 610 (N.C. 1992) (recognizing purpose of
limitations would be thwarted by allowing a plaintiff to preserve claims
against AJohn Doe@ defendants for some unlimited period
of time or until the plaintiff determines their true identities).

In sum, Riston=s AJohn Doe@ petition did not toll the statute of
limitations as to ThyssenKrupp. 
Accordingly, Riston did not file suit against ThyssenKrupp before
limitations expired.

C.        The
Due Diligence and Relation Back Doctrines Are Inapplicable.








Riston also asserts the statute of limitations was tolled under
the doctrines of due diligence and relation back.  A plaintiff must file suit and effect service
before limitations expires.  Brown v.
Shores, 77 S.W.3d 884, 887 (Tex. App.CHouston [14th Dist.] 2002, no pet.)
(citing Murray v. San Jacinto Agency, Inc., 800 S.W.2d 826, 830 (Tex.
1990)).  However, if a plaintiff files
suit before limitations expires, but effects service after limitations expires,
the date of service relates back to the date of filing if the plaintiff exercised
diligence in effecting service.  Id.
(citing Gant v. DeLeon, 786 S.W.2d 259, 260 (Tex. 1990)).  Riston claims that she exercised due
diligence in serving ThyssenKrupp, and, therefore, the date of service related
back to the date she filed her timely first amended petition.  However, the due diligence and relation back
doctrines apply only if a plaintiff files suit against the defendant before
limitations expires.  See id. (citing
Gant, 786 S.W.2d at 260).  We have
already concluded that Riston did not file suit against ThyssenKrupp before
limitations expired.  Therefore, we need
not address whether Riston exercised due diligence in serving ThyssenKrupp or
whether the date of service related back to the date she filed her first
amended petition.

IV.  Conclusion 

Because Riston did not file suit against ThyssenKrupp before
the statute of limitations expired, the trial court did not err in granting
ThyssenKrupp=s motion for summary judgment and
dismissing Riston=s claims against ThyssenKrupp.  Riston=s sole issue is overruled.

The judgment of the trial court is affirmed.

 

/s/        Charles W. Seymore

Justice

 

Judgment rendered
and Opinion filed July 27, 2004.

Panel consists of
Justices Fowler, Edelman and Seymore.

 

 











[1]  Riston
subsequently amended her petition again to name AJohn Doe
#2 a/k/a Montgomery Elevator Company a/k/a Montgomery Elevator Operating
Company n/k/a Kone, Inc. d/b/a Montgomery Elevator@ in place of AJohn Doe
#2.@





[2]  Riston asserts
that ThyssenKrupp=s agent refused to accept service.  The record reflects that a company that
handles service of process returned two citations to Riston=s attorney because the names of the defendants on the
citations did not match the names on file with the Secretary of State.  Nevertheless, in its brief, ThyssenKrupp
acknowledges that it was served on October 25, 2002, and ThyssenKrupp
subsequently answered the suit.





[3]  ThyssenKrupp
originally moved for summary judgment based on the statute of limitations
only.  Riston responded that the two-year
statute of limitations was tolled based on the doctrines of misnomer, relation
back, and due diligence.  She also
responded that her breach of warranty claims were governed by the four-year
statute of limitations.  Subsequently, ThyssenKrupp
filed an amended motion for summary judgment again asserting the statute of
limitations but also challenging the merits of Riston=s breach of warranty claims.





[4]  On appeal,
Riston does not challenge the summary judgment on the breach of warranty
claims.  She addresses only the summary
judgment on the claims governed by the two-year statute of limitations.  Therefore, we will not address the summary
judgment on the breach of warranty claims. See Jacobs v. Satterwhite, 65
S.W.3d 653, 655B56 (Tex. 2001) (recognizing appellate court may not
reverse a summary judgment on a basis not raised by the appellant on appeal).





[5]  Although an
issue of first impression in Texas, several states have refused to allow AJohn Doe@ petitions
to toll limitations.  See, e.g., Grantham
v. Blount, Inc., 683 So.2d 538 (Fla. Dist. Ct. App. 1996); Nam v.
Montgomery County, Md., 732 A.2d 356 (Md. Ct. Spec. App. 1999); Thomas
v. Process Equip. Corp., 397 N.W.2d 224 (Mich. Ct. App. 1986); Leaon v.
Washington County, 397 N.W.2d 867 (Minn. 1986); Moore v. Michelin Tire
Co., Inc., 603 N.W.2d 513 (S.D. 1999); Iwai v. State, 884 P.2d 936
(Wash. Ct. App. 1994), aff=d, 915 P.2d 1089 (Wash. 1996).  In contrast, some states do allow AJohn Doe@
petitions to toll limitations.  See
generally Joel E. Smith, Annotation, Relation Back of Amended Pleadings
Substituting True Name of Defendant for Fictitious Name Used in Earlier
Pleading So as to Avoid Bar of Limitations, 85 A.L.R.3d 130 (1978).  Further, the majority of  federal courts that have considered this
issue have rejected the use of AJohn Doe@
petitions to toll limitations.  See
Jacobsen v. Osborne, 133 F.3d 315, 321 (5th Cir. 1998).





[6]  AJohn Doe@ is also
used to protect a person=s known identity or indicate that a true defendant
does not exist.  See Black=s Law Dictionary 845.  However,
neither of these definitions is applicable here.





[7]  In fact,
Riston=s timely petition reflects she did not know the
identities of the AJohn Doe@
defendants because she stated, APlaintiff has timely requested the City of Houston to
provide the identity of such Defendants so that they may be properly served.@





[8]  Section
16.0045 further provides that the person filing the petition shall proceed with
due diligence to discover the identity of the defendant and amend the petition
by substituting the real name of the defendant for AJohn or Jane Doe@ not
later than the 30th day after the date that the defendant is identified to the
plaintiff.  Tex. Civ. Prac. & Rem. Code Ann. ' 16.0045.  The
limitations period begins running again on the date that the petition is
amended.  Id.





[9]  However, even
in cases of misidentification, limitations may be tolled when a plaintiff sues
an incorrect entity if (1) there are two separate but related entities that use
a similar trade name, (2) the correct entity had notice of the suit, and (3)
the correct entity was not misled or disadvantaged by the mistake.  Wright v. Tex. Dept. of Criminal Justice‑Institutional
Div., 68 S.W.3d 788, 791 (Tex. App.CHouston
[14th Dist.] 2001, no pet.) (citing Chilkewitz, 22 S.W.3d at 830).





[10]  Here, there is
no evidence that ThyssenKrupp was served with, or otherwise put on notice of,
Riston=s suit before limitations expired.