

# Fourth Court of Appeals
## San Antonio, Texas

## OPINION

No. 04-11-00893-CV

Arthur and Enedelia **MARTINEZ**,
Appellants

v.

Gloria **ESTRADA**,
Appellee

From the 73rd Judicial District Court, Bexar County, Texas
Trial Court No. 2010-PA-00693
Honorable Solomon Casseb, III, Judge Presiding

Opinion by:　Sandee Bryan Marion, Justice

Sitting:　　Catherine Stone, Chief Justice
　　　　　　Sandee Bryan Marion, Justice
　　　　　　Rebecca Simmons, Justice

Delivered and Filed:　December 5, 2012

REVERSED AND RENDERED

　　　In this appeal, Arthur and Enedelia Martinez ("the Martinezes") challenge the trial court's "Order Granting Grandparent Possession or Access Contemporaneous to Adoption" in favor of Gloria Estrada. The circumstances of this case are unfortunate because they pit the paternal grandmother against the maternal grandparents, and because the result dictated under the Texas Family Code is harsh. We reverse and render.

**BACKGROUND**

Estrada is the paternal grandmother of the children, and the Martinezes are the maternal grandparents. The parental rights of the biological mother and father to the children were terminated prior to the adoption. Both the Martinezes and Estrada filed an original petition for adoption. When Estrada filed her original petition seeking adoption of the children, she also sought possession and access to the children in the alternative. The Martinezes filed a motion to dismiss Estrada's petition. On the date of trial, the trial court heard the Martinezes' motion to dismiss and held trial on the merits on the Martinezes' original petition for adoption and on Estrada's original petition for adoption or access. The trial court denied the Martinezes' motion to dismiss and granted the Martinezes' original petition for adoption, thereby denying Estrada's request for adoption. The trial court also signed an "Order Granting Grandparent Possession or Access Contemporaneous to Adoption," allowing Estrada possession and access to the children. It is from this Order the Martinezes appeal.

**STANDING**

In two issues on appeal, the Martinezes argue the trial court (1) did not have subject-matter jurisdiction to hear the matter because Estrada lacked standing to file an adoption suit, and (2) did not have subject-matter jurisdiction to hear the request for grandparent access because Estrada did not have standing to request the relief.[1]

Standing is a component of subject-matter jurisdiction and must be established in order to maintain a lawsuit under Texas law. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443–44 (Tex. 1993). Whether a court has subject-matter jurisdiction is an issue of law, which is reviewed *de novo*. *Tex. Dep't of Transp. v. City of Sunset Valley*, 146 S.W.3d 637, 646 (Tex.

---

[1] In a third issue on appeal the Martinezes argue the trial court violated the public policy of the State of Texas by granting grandparent access to Estrada. We decline to address the Martinezes' third issue as it is not dispositive to this appeal. TEX. R. APP. P. 47.1.

2004). An absence of standing deprives the trial court of subject-matter jurisdiction and renders any action of the trial court void. *In re H.G.*, 267 S.W.3d 120, 124 (Tex. App.—San Antonio 2008, no pet.). Subject-matter jurisdiction is an issue that may be raised for the first time on appeal and it may not be waived by the parties. *Tex. Ass'n of Bus.*, 852 S.W.2d at 445.

The plaintiff has the initial burden of alleging facts that affirmatively demonstrate jurisdiction. *Jasek v. Tex. Dep't of Family and Protective Servs.*, 348 S.W.3d 523, 528 (Tex. App.—Austin 2011, no pet.). On review, we must also consider evidence the parties presented below that is relevant to jurisdiction. *Id*. The Texas Legislature has provided a comprehensive statutory framework for standing in suits involving the parent-child relationship. *In re H.G.*, 267 S.W.3d at 124. When standing is conferred by statute we use that statutory framework to determine whether a particular party has standing. *Jasek*, 348 S.W.3d at 528. The party seeking relief must allege and establish standing within the parameters of the language used in the statute. *In re H.G.*, 267 S.W.3d at 124.

Texas Family Code section 102.005 details the standing requirements to request adoption. *See* TEX. FAM. CODE ANN. § 102.005 (West 2008). Estrada argues she has standing to seek the adoption under both section 102.005(5), granting standing to request adoption to an adult who has had "substantial past contact with the children," and section 102.006(c), allowing an original suit for adoption to be filed within 90 days after the parental rights are terminated. However, we do not reach the issue of whether Estrada had standing to adopt the children because the trial court did not award adoption to Estrada in its order. Instead, the court ordered access and possession. Therefore, the issue presented is whether Estrada met the standing requirements for grandparent access. *See In re Derzapf*, 219 S.W.3d 327, 332 (Tex. 2007) (concluding that because trial court granted relief under grandparent access provision, standing

had to be determined under that provision and not under general provisions for filing a Suit Affecting the Parent-Child Relationship).

Estrada argues the standing requirements under the grandparent access requirements do not apply because she is seeking access as an alternative to her request for adoption in the event adoption is not granted. We disagree. Family Code section 102.004(c) specifically states, "[p]ossession of or access to a child by a grandparent is governed by the standards established by Chapter 153." TEX. FAM. CODE ANN. § 102.004(c); *see* TEX. FAM. CODE ANN. §§ 153.432–.434 (governing grandparent access). Our review, therefore, must be guided by the requirements set forth in the grandparent access provisions of Chapter 153.

Grandparents must meet specific standing requirements to pursue a claim seeking access or possession. *See* TEX. FAM. CODE ANN. § 153.433. Family Code section 153.434 places additional standing limitations on grandparents:

> A biological or adoptive grandparent may not request possession of or access to a grandchild if: (1) each of the biological parents of the grandchild has: (A) died; (B) had the person's parental rights terminated; or (C) executed an affidavit of waiver of interest in the child . . . ; and (2) the grandchild has been adopted . . . by a person other than the child's stepparent.

TEX. FAM. CODE ANN. § 153.434.

Here, both the biological mother and father to the children had their parental rights terminated and the Martinezes, persons other than a stepparent, had their petition for adoption granted at the outset of the hearing. The statute is clear: a biological grandparent may not request access to grandchildren if each of the biological parents of the grandchildren has had their parental rights terminated and the grandchildren have been adopted by a person other than the children's stepparent. *See* TEX. FAM. CODE ANN. § 153.434. Accordingly, Estrada did not meet the standing requirements to pursue a claim under the grandparent access statute. Because

Estrada did not meet the standing requirements to seek grandparent access, the trial court did not have subject-matter jurisdiction to enter an order granting grandparent access to Estrada. *See In re H.G.*, 267 S.W.3d at 124.

## CONCLUSION

We recognize courts must take statutes as they find them although the result may seem harsh or unfair. *See Moran v. City of Houston*, 58 S.W.3d 159, 162 (Tex. App.—Houston [14th Dist.] 2001, pet. denied) (same). Here, the Martinezes and Estrada both petitioned to adopt the children. Unfortunately, Family Code section 153.434 dictated a winner-take-all result. Although Estrada may have had standing to petition for adoption, she lost standing to request access the moment the Martinezes' petition for adoption was granted. Therefore, we are constrained to conclude Estrada does not have standing to request access to her grandchildren, and we must reverse the trial court's order and render judgment that her request for access to the children be dismissed for lack of jurisdiction.

Sandee Bryan Marion, Justice