PER CURIAM.
Appellants challenge the lower court’s entry of summary final judgment in favor of appellee. They contend that their amended complaint relates back, in that appellee suffered no prejudice when substituted for “John Doe Inc.” as a party. We find the statute of limitations argument, relied upon by appellee below and on appeal was previously raised before a different judge in the same case and court and in a previous appeal to this court. 534 So.2d 787. Therefore, we find that the “law of the case” doctrine governs, and we reverse for further proceedings. See Airvac, Inc. v. Ranger Ins. Co., 330 So.2d 467 (Fla.1976); Alford v. Summerlin, 423 So.2d 482 (Fla. 1st DCA 1986); Valsecchi v. Proprie *907 tors Ins. Co., 502 So.2d 1310 (Fla. 3d DCA 1987).
REVERSED.
BOOTH and MINER, JJ., and WENTWORTH, Senior Judge, concur.