683 So.2d 538 (1996)
Robert GRANTHAM, Appellant,
v.
BLOUNT, INC., a Delaware corporation, formerly doing business as Omark Industries, Inc., an Oregon corporation, Appellee.
No. 95-03534.
District Court of Appeal of Florida, Second District.
September 27, 1996.
Rehearing Denied November 21, 1996.
*539 James W. Holliday, Tampa, for Appellant.
Patricia J. Kelly of Harris, Barrett, Mann & Dew, St. Petersburg, for Appellee.
ALTENBERND, Judge.
Robert Grantham appeals a final judgment dismissing his complaint against Blount, Inc. The trial court correctly dismissed the action because it is barred by the statute of limitations. In Florida, the filing of a "John Doe" complaint does not commence an action against a real party nor does it toll the running of the statute of limitations.
On July 27, 1989, Robert Grantham sustained a serious injury while working for Laidlaw Tree Service, Inc. (Laidlaw). Laidlaw had a contract with Tampa Electric Company (TECO) to clear trees and brush near TECO's power lines. Mr. Grantham was operating a Prentice loader to collect debris when an electrical current from a TECO power line passed through the loader's boom and injured him. He filed a workers' compensation claim with Laidlaw, which was resolved in 1991.
On July 23, 1993, Mr. Grantham filed a personal injury action against TECO and "John Doe." The style of the complaint further stated that John Doe's true name was unknown and that this description was intended to identify a party "believed to be a corporation and the manufacturer of equipment used used [sic] by Laidlaw Tree Service, Inc. for high-tension electrical wire clearance on July 27, 1989 at 12th Avenue South, west of U.S. 41 in Hillsborough County of [sic] Tampa, Florida." TECO was properly served and filed its answer.
The record does not disclose what steps, if any, Mr. Grantham took prior to July 1993 to determine the manufacturer of the loader that he was operating at the time of his accident.[1] In July 1993, Mr. Grantham's attorney contacted the attorney who represented *540 Laidlaw in Mr. Grantham's workers' compensation claim. Laidlaw's attorney did not have information about the loader's manufacturer and referred Mr. Grantham's attorney to another source. By late October 1993, TECO's attorney determined that Laidlaw had been purchased by Monroe Tree Service after the accident and identified two trucks with Prentice loaders manufactured by Omark Industries that could have been involved in the accident. TECO's attorney passed this information on to Mr. Grantham's attorney.[2]
On November 5, 1993, the trial court entered an order giving Mr. Grantham an additional sixty days to serve process on "John Doe." See Fla. R. Civ. P. 1.070(i), 1.090(b). On January 3, 1994, another order was entered, permitting the plaintiff "to drop `John Doe' as a party Defendant and to add Blount, Inc." A separate order gave Mr. Grantham thirty more days to serve Blount.
Thus, the first complaint naming Blount was filed on January 3, 1994. That complaint alleges Blount is the successor to Omark Industries, the manufacturer, and generally realleges the same products liability claim that Mr. Grantham had filed against John Doe.
Blount moved for summary judgment and filed its affidavit stating that every Omark Prentice loader contained a serial number plate identifying the name and location of the manufacturer. It also filed affidavits from TECO's attorney and Laidlaw's attorney, explaining their involvement in locating Blount.[3] The trial court granted summary judgment because the four-year statute of limitations expired before Mr. Grantham commenced an action against Blount.
Although a "John Doe" pleading is occasionally used in Florida as a method to indicate that the plaintiff intends to add another party to the action in the future, the question in this case is whether such a pleading serves either to commence an action against the real party or to toll the statute of limitations visa-vis that party. In Crosby v. Paxson Electric Co., 576 So.2d 906 (Fla. 1st DCA 1991), the First District implied that a John Doe pleading can prevent the running of the statute of limitations, but it based its ruling on the law of the case. The earlier decision, Crosby v. Paxson Electric Co., 534 So.2d 787 (Fla. 1st DCA 1988), which created the law of the case, has no discussion of this issue. Thus, the First District has not expressly held that a John Doe pleading prevents the running of the statute.
Some states have statutes or rules of civil procedure that permit a plaintiff to file a fictitious or "John Doe" pleading if the true name of the defendant is not known. Once the true identity of the defendant is ascertained, the plaintiff then files an amendment naming the defendant. This amendment relates back to the date the original complaint was filed. See Mass. Gen. Laws Ann. ch. 223, § 19 (West 1995); Ala. R. Civ. P. 9(h) and 15(c)(4). See generally Joel E. Smith, Annotation, Relation Back of Amended Pleadings Substituting True Name of Defendant for Fictitious Name Used in Earlier Pleading So as to Avoid Bar of Limitations, 85 A.L.R.3d 130 (1978); Note, Designation of Defendants by Fictitious NamesUse of John Doe Complaints, 46 Iowa L.Rev. 773, 776 n.15 (1961) [hereinafter 46 Iowa L.Rev.]. Florida is not one of these states.
In the absence of a substantive or remedial statute permitting John Doe actions as a method to extend the limitations period, the legislature requires this court to consider whether the English common law permitted such actions on July 4, 1776. § 2.01, Fla. Stat. (1995). We have found no English common law authorizing John Doe pleading in this fashion. Blackstone references John Doe in common law pleading, but only as a fictitious person pledging security for the plaintiff when filing an action. 3 William Blackstone, Commentaries *275 & app. II at vii. Early American common law apparently *541 did not permit such pleading. See generally Hutchinson v. Fish Engineering Corp., 153 A.2d 594 (Del.Ch.1959); J. Story, Commentaries on Equity Pleadings §§ 44, 92 (J. Gould 10th rev. ed. 1892); 46 Iowa L.Rev. at 775. Thus, the common law provides no support to Mr. Grantham in this case.
Because this is a matter of first impression, presumably this court has the power to authorize a plaintiff to commence an action against an unknown defendant by use of a John Doe pleading. See, e.g., Maddux v. Gardner, 239 Mo.App. 289, 192 S.W.2d 14 (1945) (allowing amendment of John Doe complaint to relate back to date of original filing, even where no statute or rule permitted such amendment).[4] We decline to exercise this power for two reasons.
First, the John Doe rule proposed by Mr. Grantham is not consistent with an announced legislative policy. There is little distinction between a judicial rule allowing an extended time to serve the actual defendant after a John Doe action has been commenced by filing, and a legislative enactment tolling the time to file an action against an unknown defendant. In most cases, the filing of a John Doe pleading does not actually give the true defendant notice of the lawsuit. The filing of the John Doe action merely serves as a legal justification to extend the time in which to find and serve the actual defendant. Thus, a judicial rule allowing such a John Doe complaint to commence an action is comparable to a tolling statute that extends the time to file an action against the actual defendant until that defendant is discovered.
The legislature has enacted an all-inclusive tolling statute. Except for the reasons expressly provided by statute, "[n]o disability or other reason shall toll the running of any statute of limitations." § 95.051(2), Fla. Stat. (1993). Section 95.051, Florida Statutes (1993), provides circumstances that toll the statute of limitations, including concealment and use of a false name. See § 95.051(1)(b), (c), Fla. Stat. (1993). Mr. Grantham makes no claim that he is entitled to toll the statute of limitations against Blount for any of the statutory reasons. If we were to provide Mr. Grantham with his requested relief, our ruling would conflict with the public policy announced in chapter 95. Cf. VanBibber v. Hartford Accident & Indem. Ins. Co., 439 So.2d 880, 883 (Fla.1983) ("While this Court may determine public policy in the absence of a legislative pronouncement, such a policy decision must yield to a valid, contrary legislative pronouncement.").
Second, this use of John Doe pleadings would conflict with the established law in Florida concerning the relation back of amended complaints that correct misnomers. When a plaintiff files a complaint containing a defect in the defendant's proper legal name, Florida's courts liberally permit an amended pleading, correcting the error in the defendant's name, to relate back to the original filing date. Cabot v. Clearwater Constr. Co., 89 So.2d 662 (Fla.1956); Palm Beach County v. Savage Constr. Corp., 627 So.2d 1332 (Fla. 4th DCA 1993). Nevertheless, some mistakes in the identification of a defendant in the initial complaint are so substantial that an amendment in the description of the defendant results in an entire change of parties. In such cases, the amended complaint does not relate back to the earlier pleading, and amounts to the commencement of a separate action. See Cabot, 89 So.2d at 664. See also Gray v. Executive Drywall, Inc., 520 So.2d 619 (Fla. 2d DCA) (Executive Plastering, Inc., is not misnomer for Executive Drywall, Inc., where both corporations existed and both were subcontractors at same job site), review denied, 529 So.2d 694 (Fla.1988).
"John Doe" is not a misnomer. A plaintiff uses this term intentionally to identify the fact that the defendant's real identity is unknown. *542 It would be difficult to justify a set of rules that extended the limitations period for a plaintiff who intentionally named a fictitious defendant, but barred an action when a plaintiff mistakenly identified the defendant by a substantially incorrect name. In either case, the true defendant is not notified of the action. Accordingly, we choose to treat a John Doe complaint in the same manner we treat a complaint that contains a substantially incorrect identification of the defendant and hold that it does not commence an action against the real party and it does not toll the statute of limitations against that party.
Affirmed.
DANAHY, A.C.J., and LAZZARA, J., concur.
NOTES
[1] The record does not contain photographs of this Prentice loader. It does explain that the loader is a piece of machinery placed on a truck chassis. Case law reflects that Prentice loaders have been in use for more than twenty-five years. They derive their name from Prentice, Wisconsin, where they were initially manufactured. See generally Futrell v. Scott Truck & Tractor Co., 629 So.2d 449 (La.Ct.App.1993), writ denied, 635 So.2d 232 (La.1994); Foster v. United Equitable Ins. Co., 204 So.2d 659 (La.Ct.App.1967).
[2] Prior to this communication, there had been confusion among the parties concerning the correct spelling of "Prentice."
[3] The trial court's ruling was not dependent on the information in these affidavits. Mr. Grantham has not alleged that the statute should be extended because Blount engaged in any concealment. He contends that his "John Doe" complaint commenced this action within the permitted four-year period as a matter of law.
[4] We qualify this sentence with the word "presumably" because the supreme court alone has the power to create rules governing issues that are purely procedural. Art. V, § 2(a), Fla. Const. We are inclined to view this issue as an unresolved common law issue that is partially substantive or remedial, and not entirely procedural. Statutes of limitation are typically described as a part of the remedial law. See Carpenter v. Florida Central Credit Union, 369 So.2d 935 (Fla. 1979). This court would have the power to announce a new remedial rule so long as it did not conflict with an existing supreme court decision or legislative enactment.