809 So.2d 905 (2002)
George GILLIAM, Appellant,
v.
Mary SMART, Town of Havana, Appellee.
No. 1D01-2557.
District Court of Appeal of Florida, First District.
March 15, 2002.
*906 Gwendolyn P. Adkins & Dorothy M. Ridgway, of Cooper, Coppins & Monroe, P.A., Tallahassee, for Appellant.
Marie A. Mattox & Anabelle Dias-Claiborne, of Marie A. Mattox, P.A., Tallahassee, for Appellee.
BROWNING, J.
George Gilliam (who is a former law enforcement officer for one of the appellees, the Town of Havana, Florida) appeals a non-final order denying his motion to quash process served upon him and denying his motion to dismiss.[1] Concluding that, under the instant circumstances, the "John Doe" complaints were insufficient to commence an action against Gilliam and to confer personal jurisdiction over him, we reverse the ruling that denied the motion to quash. See Grantham v. Blount, Inc., 683 So.2d 538 (Fla. 2d DCA 1996).
Appellee Mary Smart, who was represented by counsel, filed her initial complaint against the Town of Havana and "Officer John Doe, with Badge No. 305, individually," on May 10, 2000.[2] The seven counts all related to an alleged pre-dawn incident on July 7, 1996, when Smart was stopped in the Town of Havana by "Officer Doe," resulting in her being detained, taken to jail, shoved into a holding cell, and then released without an adequate explanation. The initial complaint alleged false imprisonment by the Town of Havana and Officer Doe; negligent retention and supervision of Officer Doe by the Town of Havana; false arrest by the Town of Havana and Officer Doe; negligent infliction of bodily injury by Officer Doe; and negligent infliction of distress and injury by the Town of Havana.
Smart served her first set of interrogatories upon the Town of Havana on May 16, 2000, asking, inter alia, in Attachment "A": "What is the name and address of the person who was assigned Havana Police Department Badge No. 305 and held that badge number on July 7, 1996[?]" According to the certificate of service date, the Town of Havana served its answers to Smart's first set of interrogatories on July 5, 2000, and named "George Gilliam" of Gadsden County, Florida, as the Havana Police Department individual who had been assigned Badge No. 305 on July 7, 1996. The four-year statute of limitations expired on July 7, 2000. § 95.11(3), Fla. Stat. (1995).
*907 On February 1, 2001, nearly seven months after the Town of Havana served its answers to Smart's first set of interrogatories, Smart served her first amended complaint which, like the initial complaint, contained allegations against the Town of Havana and employee Officer John Doe, with Badge No. 305. Again, Smart alleged that she was uncertain of the officer's exact identity.
On March 14, 2001, Gilliam was served with a summons directed to "GEORGE GILLIAM, being served as Officer John Doe, Badge No. 305" at 3626 Pine Grove Road in Quincy, Florida; a copy of Smart's first amended complaint was served to him as well. On April 3, 2001, Gilliam moved to quash the service of process on him as insufficient because no action had been commenced against him. He moved to dismiss the first amended complaint on the grounds that Smart had failed to amend her complaint or to seek leave to amend it to add Gilliam as a defendant before the statute of limitations expired. On April 30, 2001, Smart served a motion for leave to file a second amended complaint to identify Gilliam as the Town of Havana Officer John Doe with Badge No. 305. After a hearing, the trial court issued an order accepting the second amended complaint and denying the motions to quash and to dismiss.
We have de novo review of a trial court's erroneous interpretation and application of Florida law. See Powertel, Inc. v. Bexley, 743 So.2d 570 (Fla. 1st DCA 1999). Personal jurisdiction is necessary for a court to have the authority to determine the rights of the parties. See Ruth v. Dep't of Legal Affairs, 684 So.2d 181 (Fla. 1996). When an appropriate objection to personal jurisdiction is made, it is the trial court's duty to investigate jurisdictional questions and to determine from the record whether the court ever obtained jurisdiction over the parties. See Taylor v. Siebert, 615 So.2d 800 (Fla. 1st DCA 1993). "The object to be accomplished by service of process is to advise the defendant that an action has been commenced against him and warn him that he must appear within a certain time and at a certain place to make such defense as he has." Abbate v. Provident Nat'l Bank, 631 So.2d 312, 313 (Fla. 5th DCA 1994). "Jurisdiction is perfected by the proper service of sufficient process." Id. Florida statutory law governing service of process is "to be strictly construed to insure that a defendant receives notice of the proceedings." Id. As the party seeking to invoke the court's jurisdiction, Smart had the burden to prove the validity of service of process upon Gilliam. Id.; Henzel v. Noel, 598 So.2d 220 (Fla. 5th DCA 1992). Thus, the threshold question is whether Gilliam was given adequate notice that Smart was instituting a lawsuit against him.
"In most cases, the filing of a John Doe pleading does not actually give the true defendant notice of the lawsuit." Grantham, 683 So.2d at 541. Gilliam argues that for a trial court to have personal jurisdiction over a defendant, the defendant must be served with a valid original process and a copy of the initial pleading by personal service or by substituted service in accordance with Florida statutes and the civil procedure rules. See South-Trust Bank of Southwest Florida, N.A. v. Krause, 677 So.2d 368 (Fla. 2d DCA 1996) (holding that trial court lacked jurisdiction over bank, where bank was not named as party in lawsuit and was not served with process or copy of complaint). Before there can be valid service to confer personal jurisdiction over a defendant, an action must have commenced against the individual to make him a defendant. Gilliam asserts that the belated service of process on "GEORGE GILLIAM, being served as Officer John Doe, Badge No. 305," was *908 invalid because an action had not been commenced against Gilliam when he initially was served with process and with a copy of the first amended "John Doe" complaint.
On the other hand, Smart contends that valid process was served on Gilliam, and that the trial court acquired personal jurisdiction over him, simply because an action had been commenced against a "John Doe" officer with the Town of Havana with Badge No. 305.[3] Pursuant to section 48.031(1)(a), Florida Statutes (2001), Gilliam was served on March 14, 2001, at his usual place of abode with a person residing therein, his mother, who was over 15 years of age. Smart concludes that if we find that Gilliam was properly and adequately identified by virtue of his badge number, then there is no defect in process.
In Florida, the filing of a "John Doe" complaint, without more, does not commence an action against a real party. See Grantham, 683 So.2d at 538. The facts and reasoning in Grantham are instructive for resolving the instant issues on appeal. Robert Grantham filed a July 23, 1993, complaint against a named electric company and "John Doe," who was believed to be the corporate manufacturer of equipment used by a named tree service for high-tension electrical wire clearance on July 27, 1989, at a named specific location. The four-year statute of limitations had run by the time the plaintiff dropped "John Doe" and added Blount, Inc., as a party defendant. Id. at 539-40. Absent any substantive or remedial Florida statute allowing "John Doe" actions as a means of extending the statute of limitations deadline, the Second District Court looked to the English common law and found no support for the plaintiff's "relation back" argument. Id. at 540. The appellate panel found the naming of John Doe and the omission of the actual name to be more than a mere "error" or "defect in the defendant's proper legal name" that would be subject to Florida's liberal policy for amending pleadings. In fact, the plaintiffs mistake in identifying the defendant corporation was deemed "so substantial that an amendment in the description of the defendant" was tantamount to "an entire change of parties." Id. at 541. Given these circumstances, the appellate court was concerned because "the true defendant [wa]s not notified of the action." Id. at 542. Thus, Grantham's "John Doe" complaint neither commenced an action against the real party (Blount, Inc.) nor tolled the statute of limitations against that party, and the complaint was properly dismissed. Id.
Gilliam argues convincingly that Grantham supports reversal in the case at bar. The incident giving rise to Smart's lawsuit occurred on July 7, 1996. The May 10, 2000, initial "John Doe" complaint merely stated the officer's badge number. Smart served interrogatories on the Town of Havana seeking the name of the officer with Badge No. 305. It was the Town of Havana, not Gilliam, that served the answer on July 5, 2000, specifically identifying Gilliam as the officer in question. The statute of limitations expired on July 7, 2000. At the hearing on Gilliam's motions, his attorney asserted that Gilliam had never received timely notice, for he had left his employment with the Town of Havana in 1998. Despite Smart's having received Gilliam's name via the Town of Havana's answer, the first amended complaint, served on February 1, 2001, reiterated that the exact identity of the officer with *909 Badge No. 305 on the date of the incident was uncertain. A month and a half elapsed before Gilliam was served with a summons to him by actual name, along with the first amended complaint (in which Gilliam was not named as a party defendant). Smart waited until April 30, 2001, to move to file another amended complaint actually naming Gilliam.
The service of process on an individual cannot be used to broaden the scope of the pleadings to add a defendant who is not named as a party in the complaint. See Lebanon Trust & Savings Bank v. Ray, 10 Ill.App.3d 345, 293 N.E.2d 623 (1973) (holding that court does not obtain jurisdiction by having service made upon party not named in lawsuit, and service of process can neither broaden scope of pleadings nor add party not theretofore made a defendant); Chamness v. Minton, 39 Ill.App.2d 325, 188 N.E.2d 873 (1963) (stating that service of process is merely step in obtaining jurisdiction over person already named as party defendant in lawsuit, and that process of itself cannot make a person a party defendant). Florida law sets out the proper procedures for adding parties, see Fla. R. Civ. P. 1.250(c), but these procedures were not followed here.
Consistent with the Grantham court, we conclude that Smart's failure, under these circumstances, to name the real party defendant constitutes more than a mere error in the name given. This omission was complete and "substantial," such that any "amendment in the description of the defendant" constituted "an entire change of parties." Grantham, 683 So.2d at 541. "In such cases, the amended complaint does not relate back to the earlier pleading, and amounts to the commencement of a separate action." Id. In other words, the "John Doe" pleadings amounted to "a substantially incorrect identification of the defendant" that did not commence an action against the real party Gilliam and did not toll the running of the statute of limitations. Id. at 542; Click v. Pardoll, 359 So.2d 537 (Fla. 3d DCA 1978) (belated amendment of "Dr. John Doe" complaint alleging medical malpractice, by substituting name of actual doctor, constituted new action filed as to doctor, so that amended complaint did not "relate back" to date original complaint was filed, and dismissal of complaint as to actual named doctor was proper); Thomas v. Process Equipment Corp., 154 Mich.App. 78, 397 N.W.2d 224 (1986) (holding that statute of limitations was not tolled in products liability lawsuit in which plaintiff originally filed "John Doe" complaint and subsequently amended it to add specific defendants when their identities were discovered, where plaintiff did not move to amend complaint until after limitations period had run); Kerr v. Doe, 1994 WL 146649 (Conn.Super.Ct.1994) (determining that substitution of named defendant for "John Doe" resulted in a "new, separate party" and not a "mere correction of a misdescription"). Smart did not undertake sufficient measures under Florida law to commence an action against Gilliam. Because an action had not commenced against Gilliam when he was served with process, the service was insufficient to confer personal jurisdiction over him. Accordingly, the trial court reversibly erred in denying Gilliam's motion to quash.
REVERSED.
WOLF and WEBSTER, JJ., CONCUR.
NOTES
[1] Because the trial court's non-final order is one determining "the jurisdiction of the person," it is subject to immediate review by appeal. Fla. R.App. P. 9.130(a)(3)(C)(i); Chapman v. Sheffield, 750 So.2d 140 (Fla. 1st DCA 2000); Local No. 666, Concrete Prods. and Material Yard Workers v. Dennis, 453 So.2d 1138 (Fla. 4th DCA 1984).
[2] The complaint stated that the Town of Havana officer was sued in his capacity as "John Doe" due to the fact that the plaintiff was uncertain of the officer's exact identity.
[3] Smart offers, as persuasive authority, two "officer badge number identification" decisions that Gilliam correctly finds factually distinguishable. See Johnston v. City of Bloomington, 170 F.3d 825 (8th Cir.1999); People v. Mercado, 123 Misc.2d 775, 474 N.Y.S.2d 950 (N.Y.Crim.Ct.1984).