Rosie RISTON, Appellant,

v.

John DOE # 1 a/k/a Thyssenkrupp Elevator Corporation d/b/a Thyssenkrupp Elevator d/b/a Dover Elevator d/b/a Dover Elevator Company d/b/a Dover, Appellee.

No. 14–03–00869–CV.

Court of Appeals of Texas, Houston (14th Dist.).

July 27, 2004.

Scot Gibbons Dollinger, Houston, for appellant.

Alan Lawrence Rucker, Wade Lowrie Mcclure, Dallas, for appellee.

Panel consists of Justices FOWLER, EDELMAN and SEYMORE.

## OPINION

CHARLES W. SEYMORE, Justice.

Appellant, Rosie Riston, appeals a summary judgment dismissing her personal injury claims against appellee, John Doe # 1 a/k/a ThyssenKrupp Elevator Corporation d/b/a ThyssenKrupp Elevator d/b/a Dover Elevator d/b/a Dover Elevator Company d/b/a Dover ("ThyssenKrupp"), based on the statute of limitations. We affirm.

### I. BACKGROUND

Riston claims she was injured on September 23, 2000 when she was struck by an elevator door at Houston Intercontinental Airport. She originally sued the City of Houston only. However, she filed a first amended petition on September 22, 2002 adding "John Doe # 1," "John Doe # 2," "John Doe # 3," "John Doe # 4," and "John Doe # 5" as defendants. Riston alleged that these defendants designed, manufactured, sold, installed, built and/or maintained the elevator. She asserted causes of action for negligence, product liability, breach of warranties, and strict liability. On September 25, 2002, Riston filed a second amended petition naming "John Doe # 1 a/k/a ThyssenKrupp Elevator Corporation d/b/a ThyssenKrupp Elevator d/b/a Dover Elevator d/b/a Dover Elevator Company d/b/a Dover" in place of "John Doe # 1."[1] ThyssenKrupp was served on October 25, 2002.[2]

ThyssenKrupp moved for summary judgment asserting that (1) Riston did not file suit against ThyssenKrupp within the two-year statute of limitations, and (2) Riston could not assert breach of warranty claims against ThyssenKrupp because it did not design, manufacture, market, sell, or install the elevator.[3] The trial court

---

1. Riston subsequently amended her petition again to name "John Doe # 2 a/k/a Montgomery Elevator Company a/k/a Montgomery Elevator Operating Company n/k/a Kone, Inc. d/b/a Montgomery Elevator" in place of "John Doe # 2."

2. Riston asserts that ThyssenKrupp's agent refused to accept service. The record reflects that a company that handles service of process returned two citations to Riston's attorney because the names of the defendants on the citations did not match the names on file with the Secretary of State. Nevertheless, in its brief, ThyssenKrupp acknowledges that it was served on October 25, 2002, and ThyssenKrupp subsequently answered the suit.

3. ThyssenKrupp originally moved for summary judgment based on the statute of limitations only. Riston responded that the two-year statute of limitations was tolled based on

granted the motion for summary judgment, dismissed all Riston's claims against ThyssenKrupp, and severed the claims against Thyssenkrupp from the remaining claims.

## II. STANDARD OF REVIEW

■ When a defendant moves for summary judgment on the basis of an affirmative defense such as limitations, it has the burden to conclusively prove all the elements of the affirmative defense as a matter of law. *KPMG Peat Marwick v. Harrison County Hous. Fin. Corp.*, 988 S.W.2d 746, 748 (Tex.1999). If the movant establishes that the statute of limitations bars the action, the nonmovant must then adduce summary judgment proof raising a fact issue to avoid the statute of limitations. *Id.* In reviewing a summary judgment, we take as true all evidence favorable to the nonmovant and make all reasonable inferences in the nonmovant's favor. *Id.* Because the propriety of a summary judgment is a question of law, we review the trial court's decision de novo. *Natividad v. Alexsis, Inc.*, 875 S.W.2d 695, 699 (Tex.1994).

## III. STATUTE OF LIMITATIONS

■ In her sole issue, Riston contends the trial court erred by granting Thyssen-Krupp's motion for summary judgment because the statute of limitations was tolled based on the doctrines of misnomer, due diligence, and relation back.[4] Riston does not dispute that she first named Thyssen-Krupp as a defendant in her second amended petition, filed after the statute of limitations expired. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 16.003(a) (Vernon 1986) (prescribing two-year statute of limitations for personal injury claims). However, Riston contends her timely first amended petition naming "John Doe # 1" tolled the statute of limitations because "John Doe # 1" was a misnomer for ThyssenKrupp. Riston further contends that she tolled the statute of limitations because she used due diligence to serve ThyssenKrupp, and, therefore, the date of service related back to the filing of her timely first amended petition.

This case presents an issue of first impression in Texas. The parties do not cite, and we have not found, any Texas law addressing the use of a "John Doe" petition to toll the statute of limitations, except where specifically authorized by statute. However, for the reasons stated below, we refuse to allow Riston's "John Doe" petition to toll the statute of limitations.[5]

---

the doctrines of misnomer, relation back, and due diligence. She also responded that her breach of warranty claims were governed by the four-year statute of limitations. Subsequently, ThyssenKrupp filed an amended motion for summary judgment again asserting the statute of limitations but also challenging the merits of Riston's breach of warranty claims.

**4.** On appeal, Riston does not challenge the summary judgment on the breach of warranty claims. She addresses only the summary judgment on the claims governed by the two-year statute of limitations. Therefore, we will not address the summary judgment on the breach of warranty claims. *See Jacobs v. Satterwhite*, 65 S.W.3d 653, 655–56 (Tex.

2001) (recognizing appellate court may not reverse a summary judgment on a basis not raised by the appellant on appeal).

**5.** Although an issue of first impression in Texas, several states have refused to allow "John Doe" petitions to toll limitations. *See, e.g., Grantham v. Blount, Inc.*, 683 So.2d 538 (Fla. Dist.Ct.App.1996); *Nam v. Montgomery County, Md.*, 127 Md.App. 172, 732 A.2d 356 (1999); *Thomas v. Process Equip. Corp.*, 154 Mich.App. 78, 397 N.W.2d 224 (1986); *Leaon v. Washington County*, 397 N.W.2d 867 (Minn. 1986); *Moore v. Michelin Tire Co., Inc.*, 603 N.W.2d 513 (S.D.1999); *Iwai v. State*, 76 Wash.App. 308, 884 P.2d 936 (1994), *aff'd*, 129 Wash.2d 84, 915 P.2d 1089 (1996). In contrast, some states do allow "John Doe"

## A. THE MISNOMER DOCTRINE DOES NOT APPLY TO A "JOHN DOE" PETITION.

■ First, the misnomer doctrine is not applicable here. Misnomer arises when the plaintiff merely misnames the correct defendant. *Chilkewitz v. Hyson,* 22 S.W.3d 825, 828 (Tex.1999); *Enserch Corp. v. Parker,* 794 S.W.2d 2, 4 (Tex. 1990). In such a case, limitations is tolled and a subsequent amendment of the petition relates back to the date of the original petition. *Enserch Corp.,* 794 S.W.2d at 4–5.

■ However, "John Doe" is not a misnomer for any person or entity. *See Grantham v. Blount, Inc.,* 683 So.2d 538, 541 (Fla.Dist.Ct.App.1996) (stating that "John Doe" is not a misnomer). Instead, "John Doe" is a fictitious name used in legal proceedings to designate a person whose identity is *unknown. See* BLACK'S LAW DICTIONARY 845 (7th ed.1999); [6] *see also* WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 1218 (1993). "A plaintiff uses ['John Doe'] intentionally to identify the fact that the defendant's real identity is unknown." *Grantham,* 683 So.2d at 541. In addition, the misnomer doctrine is applicable when a plaintiff has made a *mistake. See Pierson v. SMS Fin. II, L.L.C.,* 959 S.W.2d 343, 347 (Tex.App.-Texarkana 1998, no pet.); *Cortinas v. Wilson,* 851 S.W.2d 324, 326–27 (Tex.App.-Dallas 1993, no writ). Riston's naming "John Doe" instead of ThyssenKrupp was clearly not a mistake. *See Jacobsen v. Osborne,* 133

F.3d 315, 321 (5th Cir.1998) (recognizing that for a "John Doe" defendant, there is no mistake in identifying the correct defendant; rather, the problem is not being able to identify that defendant).[7] Therefore "John Doe" was not a misnomer for ThyssenKrupp or any other defendant.

## B. A "JOHN DOE" PETITION DOES NOT TOLL LIMITATIONS AS TO AN UNKNOWN DEFENDANT.

Because "John Doe" was not a misnomer for ThyssenKrupp or any other defendant, Riston named an unknown defendant. ThyssenKrupp asserts that a petition which fails to identify the defendant does not toll limitations. We agree for several reasons.

### 1. NO TEXAS STATUTE GENERALLY AUTHORIZES A "JOHN DOE" PETITION TO TOLL LIMITATIONS AS TO AN UNKNOWN DEFENDANT.

The Texas Legislature has not generally authorized a plaintiff to initiate suit and toll limitations by suing an unknown defendant as "John Doe" or any other fictitious name. *See Maury v. Turner,* 244 S.W. 809, 812 (Tex.Com.App.1922) (recognizing there is no authority to proceed against unknown persons in the absence of statute); *see also Grantham,* 683 So.2d at 540–41 (recognizing there is no common law permitting "John Doe" actions to extend limitations). The Texas Legislature has authorized the use of a "John Doe" petition to toll limitations as to unknown

petitions to toll limitations. *See generally* Joel E. Smith, Annotation, *Relation Back of Amended Pleadings Substituting True Name of Defendant for Fictitious Name Used in Earlier Pleading So as to Avoid Bar of Limitations,* 85 A.L.R.3d 130 (1978). Further, the majority of federal courts that have considered this issue have rejected the use of "John Doe" petitions to toll limitations. *See Jacobsen v. Osborne,* 133 F.3d 315, 321 (5th Cir.1998).

6. "John Doe" is also used to protect a person's known identity or indicate that a true defendant does not exist. *See* BLACK'S LAW DICTIONARY 845. However, neither of these definitions is applicable here.

7. In fact, Riston's timely petition reflects she did not know the identities of the "John Doe" defendants because she stated, "Plaintiff has timely requested the City of Houston to provide the identity of such Defendants so that they may be properly served."

defendants only in certain circumstances. For example, section 16.0045 of the Texas Civil Practice and Remedies Code provides that the five-year statute of limitations for personal injury suits based on sexual assault is tolled by the filing of a petition alleging that the identity of the defendant is unknown and designating the unknown defendant as "John or Jane Doe." TEX. CIV. PRAC. & REM.CODE ANN. § 16.0045 (Vernon 2002).[8] However, there is no similar provision in the two-year statute of limitations for personal injuries suits that are not based on sexual assault. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 16.003(a). If the Legislature had intended for the two-year statute of limitations to be tolled as to unknown defendants by the filing of a "John Doe" petition, it could have included such a provision in the statute. *See Laidlaw Waste Sys. (Dallas), Inc. v. City of Wilmer*, 904 S.W.2d 656, 659 (Tex.1995) (stating that when the Legislature has employed a term or phrase in one section of a statute and excluded it in another, it is presumed the Legislature had a reason for excluding it, and the term should not be implied where it has been excluded); *see also Moran v. City of Houston*, 58 S.W.3d 159, 162–63 (Tex.App.-Houston [14th Dist.] 2001, pet. denied).

## 2. IN DECIDING IF LIMITATIONS HAS TOLLED, A "JOHN DOE" PETITION SHOULD BE TREATED THE SAME AS A PETITION INVOLVING A MISIDENTIFICATION.

Further, although a "John Doe" petition involves an unknown defendant, for limitations purposes, it should be treated the same as a petition involving misidentification. Misidentification is distinct from misnomer. *Enserch Corp.*, 794 S.W.2d at 4. Misidentification arises when two separate legal entities actually exist and a plaintiff mistakenly sues the entity with a name similar to that of the correct entity. *Chilkewitz*, 22 S.W.3d at 828; *Enserch Corp.*, 794 S.W.2d at 5. In such a case, the plaintiff has sued the wrong party and limitations is not tolled. *Enserch Corp.*, 794 S.W.2d at 5.[9] It would be difficult to justify a set of rules that extended limitations when a plaintiff intentionally named a fictitious defendant, but barred an action when a plaintiff misidentified the defendant. *See Grantham*, 683 So.2d at 542. In either case, the true defendant was not notified of the action before limitations expired. *See id.; cf. James v. Gruma Corp.*, 129 S.W.3d 755, 761 (Tex.App.-Fort Worth 2004, pet. denied) (recognizing primary reason that limitations is tolled in cases of misnomer is that the party intended to be sued has been served and put on notice that he is the intended defendant); *see also Pierson*, 959 S.W.2d at 347 (stating main distinction between misnomer and misidentification is whether the correct party received notice of the suit).[10]

8. Section 16.0045 further provides that the person filing the petition shall proceed with due diligence to discover the identity of the defendant and amend the petition by substituting the real name of the defendant for "John or Jane Doe" not later than the 30th day after the date that the defendant is identified to the plaintiff. TEX. CIV. PRAC. & REM.CODE ANN. § 16.0045. The limitations period begins running again on the date that the petition is amended. *Id.*

9. However, even in cases of misidentification, limitations may be tolled when a plaintiff sues an incorrect entity if (1) there are two separate but related entities that use a similar trade name, (2) the correct entity had notice of the suit, and (3) the correct entity was not misled or disadvantaged by the mistake. *Wright v. Tex. Dept. of Criminal Justice–Institutional Div.*, 68 S.W.3d 788, 791 (Tex.App.-Houston [14th Dist.] 2001, no pet.) (citing *Chilkewitz*, 22 S.W.3d at 830).

10. Here, there is no evidence that ThyssenKrupp was served with, or otherwise put on notice of, Riston's suit before limitations expired.

### 3. POLICY REASONS WHY A "JOHN DOE" PETITION SHOULD NOT TOLL LIMITATIONS UNLESS AUTHORIZED BY STATUTE.

Finally, statutes of limitations would have little, if any, import if they could easily be circumvented by filing a "John Doe" petition. *See Thomas v. Process Equip. Corp.*, 154 Mich.App. 78, 397 N.W.2d 224, 226 (Mich.Ct.App.1986). Statutes of limitations are designed to compel the assertion of claims within a reasonable time so the opposing party has a fair opportunity to defend while witnesses are available and the evidence is fresh in their minds. *See Natural Gas Pipeline Co. of America v. Pool*, 124 S.W.3d 188, 199 (Tex.2003); *Willis v. Maverick*, 760 S.W.2d 642, 644 (Tex.1988). Statutes of limitations also prevent fraudulent and stale claims from surprising the other party. *See Pool*, 124 S.W.3d at 199; *Hallaway v. Thompson*, 148 Tex. 471, 478, 226 S.W.2d 816, 820 (1950). However, allowing a "John Doe" petition to toll limitations would expand the period for filing claims indefinitely, discourage prompt investigation and resolution of claims, and potentially deny defendants otherwise available defenses. *See Moore v. Michelin Tire Co.*, 603 N.W.2d 513, 523 (S.D.1999); *see also Grobe v. McBryde*, 105 Ariz. 577, 468 P.2d 936, 939–40 (1970) (recognizing potential abuse inherent in permitting the use of fictitious names to toll limitations indefinitely while the plaintiff perfects his case); *Lunn v. American Maint. Corp.*, 96 Nev. 787, 618 P.2d 343, 345 (1980) (recognizing that allowing "John Doe" complaint to toll limitations where defendant had no notice of suit before limitations expired would impair defendant's ability to timely investigate accident scene, marshal evidence, and locate witnesses); *Huggard v. Wake County Hosp. Sys., Inc.*, 102 N.C.App. 772, 403 S.E.2d 568, 571 (1991), *aff'd*, 330 N.C. 610, 411 S.E.2d 610 (1992) (recognizing purpose of limitations would be thwarted by allowing a plaintiff to preserve claims against "John Doe" defendants for some unlimited period of time or until the plaintiff determines their true identities).

In sum, Riston's "John Doe" petition did not toll the statute of limitations as to ThyssenKrupp. Accordingly, Riston did not file suit against ThyssenKrupp before limitations expired.

### C. THE DUE DILIGENCE AND RELATION BACK DOCTRINES ARE INAPPLICABLE.

▮ Riston also asserts the statute of limitations was tolled under the doctrines of due diligence and relation back. A plaintiff must file suit and effect service before limitations expires. *Brown v. Shores*, 77 S.W.3d 884, 887 (Tex.App.-Houston [14th Dist.] 2002, no pet.) (citing *Murray v. San Jacinto Agency, Inc.*, 800 S.W.2d 826, 830 (Tex.1990)). However, if a plaintiff files suit before limitations expires, but effects service after limitations expires, the date of service relates back to the date of filing if the plaintiff exercised diligence in effecting service. *Id.* (citing *Gant v. DeLeon*, 786 S.W.2d 259, 260 (Tex. 1990)). Riston claims that she exercised due diligence in serving ThyssenKrupp, and, therefore, the date of service related back to the date she filed her timely first amended petition. However, the due diligence and relation back doctrines apply only if a plaintiff files suit against the defendant before limitations expires. *See id.* (citing *Gant*, 786 S.W.2d at 260). We have already concluded that Riston did not file suit against ThyssenKrupp before limitations expired. Therefore, we need not address whether Riston exercised due diligence in serving ThyssenKrupp or whether the date of service related back to the date she filed her first amended petition.

### IV. CONCLUSION

Because Riston did not file suit against ThyssenKrupp before the statute of limitations expired, the trial court did not err in granting ThyssenKrupp's motion for summary judgment and dismissing Riston's claims against ThyssenKrupp. Riston's sole issue is overruled.

The judgment of the trial court is affirmed.