NO. 07-04-0384-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



FEBRUARY 23, 2006


______________________________



JERRY AYERS, APPELLANT



V.



JEFF LEE ERICKSON AND CLAYTON HOLCOMB CANTER, APPELLEES


_________________________________



FROM THE 2ND DISTRICT COURT OF CHEROKEE COUNTY;



NO. 2000-04-314; HONORABLE JOE CLAYTON, JUDGE


_______________________________




Before REAVIS and CAMPBELL and HANCOCK, JJ.

MEMORANDUM OPINION


 Appellant Jerry Ayers brings this appeal from a summary judgment finding his suit
against appellees Jeff Erickson and Clayton Canter barred by limitations. We will affirm.

 The facts relevant to this appeal are undisputed. In August 1997 a collection of
firearms owned by Ayers was taken from his home in a burglary. Ayers promptly reported
the theft to police but had no information on who had taken them. After learning a person
named John Byron Cook had possessed some of the guns after the theft, Ayers filed suit
against Cook in April 2000. During his deposition in November 2000, Cook implicated
appellees Erickson and Canter in the theft. In 2001, Ayers amended his petition to add
Erickson and Canter as defendants. 

 Erickson and Canter filed answers asserting the affirmative defense of limitations. (1)
They contended Ayers' claims were barred by the two-year period of limitations set out in
Section 16.003 of the Civil Practice and Remedies Code. Erickson and Canter filed a
motion for summary judgment on their limitations defense. After denying the defendants'
first motion for summary judgment, the trial court granted a supplemental motion reurging
the same ground. The order also severed the claims against Cook, making the summary
judgment final and appealable.

 Ayers perfected appeal and now presents three issues for our review. His issues
ask us to determine whether the trial court erred in granting judgment for Erickson and
Canter on the basis of limitations. 

 A defendant moving for summary judgment on the basis of an affirmative defense
such as limitations has the burden to prove conclusively all the elements of the affirmative
defense. KPMG Peat Marwick v. Harrison County Hous. Fin. Corp., 988 S.W.2d 746, 748
(Tex. 1999). If the movant establishes that the statute of limitations bars the action, the
nonmovant must then produce summary judgment proof raising a fact issue on limitations.
Id. In reviewing a summary judgment, we take as true all evidence favorable to the
nonmovant and make all reasonable inferences in the nonmovant's favor. Id. Because
the propriety of a summary judgment is a question of law, we review the trial court's
decision de novo. Natividad v. Alexsis, Inc., 875 S.W.2d 695, 699 (Tex. 1994).

 Ayers does not question that section 16.003 of the Civil Practice and Remedies
Code, which requires a plaintiff to commence suit within two years after the cause of action
accrues, applies to claims for conversion and civil conspiracy. His response to the
limitations defense is that the discovery rule and the doctrine of equitable estoppel apply
to toll limitations until he learned the identity of the defendants. In most cases, a cause
of action accrues when a wrongful act causes an injury, even if the fact of injury is not
discovered until later and even if all resulting damages have yet to occur. Childs v.
Haussecker, 974 S.W.2d 31, 36 (Tex. 1998); S.V. v. R.V., 933 S.W.2d 1, 4 (Tex. 1996). 
In cases when the nature of the injury incurred is inherently undiscoverable and the
evidence of injury is objectively verifiable, courts have applied the discovery rule as an
"exception to the general rule of accrual." Childs, 974 S.W.2d at 36-37; accord, S.V., 933
S.W.2d at 4;Computer Assocs. Int'l, Inc. v. Altai, Inc., 918 S.W.2d 453, 456 (Tex. 1996). 

 There is no question that Ayers was aware of the theft and resulting injury in August
1997. He offers public policy arguments why accrual of his claims should be tolled until he
has a reasonable opportunity to discover the identity of the tortfeasors. Texas courts have
addressed the question whether a plaintiff's inability to learn the identity of a potential
defendant tolls limitations. Those courts have consistently held it does not. In Childs, the
Texas Supreme Court held that even under the discovery rule once a person "discovers
or in the exercise of reasonable diligence should have discovered the injury and that it was
likely caused by the wrongful acts of another," a cause of action accrues, "even if the
plaintiff does not know the exact identity of the wrongdoer." 974 S.W.2d at 40. See also
Russell v. Ingersoll-Rand Co., 841 S.W.2d 343, 344 n.3 (Tex. 1992). That rule was applied
to a claim for conversion in Steinhagen v. Ehl, 126 S.W.3d 623, 626 (Tex.App.-Beaumont
2004, pet. denied).

 Some authority exists supporting Ayers' argument he could not have brought suit
before identifying the proper defendants. See Riston v. Doe, 161 S.W.3d 525 (Tex.App.-
Houston [14th Dist.] 2004, pet. denied) (holding suit against John Doe defendants did not
toll limitations). Ayers contends this result denies him equal protection and due process
of law. We may not consider this contention for two reasons. First, it was not presented
to the trial court. We may not consider as grounds for reversal of a summary judgment
issues not expressly presented to the trial court by written motion, answer or other
response. Tex. R. Civ. P. 166a(c); Casso v. Brand, 776 S.W.2d 551, 553 (Tex. 1989). 
Additionally, Ayers presents no citation to authority or argument applying the well-established standards for analyzing claimed deprivations of equal protection and due
process. Tex. R. App. P. 38.1(h); Moser v. Davis, 79 S.W.3d 162, 170 (Tex.App.-Amarillo
2002, no pet.).

 Ayers next argues the accrual of his claims was tolled by the defendants' fraudulent
concealment. When applicable, the equitable doctrine of fraudulent concealment estops
a defendant from relying on limitations as a defense. Cadle Co. v. Wilson, 136 S.W.3d
345, 354 (Tex.App.-Austin 2004, no pet.). The doctrine is limited to those situations in
which the defendant has a duty of disclosure, such as a physician to a patient (2) or attorney
to client, or a fiduciary relationship exists. Id. Neither Erickson or Canter had a duty of
disclosure to Ayers and the doctrine of fraudulent concealment is inapplicable. We
overrule Ayers' first two issues.

 By his third issue, Ayers contends that his amended pleadings asserted a claim for
fraud governed by the four-year limitations period of section 16.004 of the Civil Practice
and Remedies Code. We are similarly unable to find in the summary judgment record that
such a contention was presented to the trial court. Neither Ayers' pleadings nor his
response to the motions for summary judgment advised the trial court that he contended
section 16.004 applied to any of his claims. All of the discussion in the summary judgment
record concerns the two-year statute under section 16.003. His third point presents
nothing for our review, Casso, 776 S.W.2d at 553, and is overruled.

 Having overruled each of Ayers' issues, we affirm the judgment of the trial court. 

 

 James T. Campbell

 Justice




1. Cook is not a party to this appeal and his answer does not appear in the record.
2. See, e.g., Borderlon v. Peck, 661 S.W.2d 907, 908 (Tex. 1983).


" Priority="71" SemiHidden="false"
 UnhideWhenUsed="false" Name="Colorful Shading Accent 1"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-10-00232-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL C

 



MARCH
25, 2011

 



 

BARSHA FANNER, APPELLANT

 

v.

 

THE STATE OF TEXAS, APPELLEE 



 



 

 FROM THE 46TH DISTRICT COURT OF
WILBARGER COUNTY;

 

NO. 11,293; HONORABLE DAN MIKE BIRD, JUDGE



 



 

Before QUINN,
C.J., and HANCOCK and PIRTLE, JJ.

 

 

ORDER ON ABATEMENT AND REMAND

            Appellant,
Barsha Fanner, pleaded guilty in open court to
charges of aggravated assault, a first-degree felony,[1]
and was placed on deferred adjudication community supervision for eight
years.  On the States motion, the trial
court adjudicated him guilty of the offense and sentenced him to forty-five
years imprisonment.  Appellants counsel
has filed an Anders brief and a motion to withdraw.  See Anders v. California, 386
U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d
493 (1967).  For reasons expressed
herein, we abate and remand this cause to the trial court for appointment of
new counsel.

            In
support of his motion to withdraw, counsel certifies he has conducted a conscientious
examination of the record and, in his opinion, the record reflects no
potentially plausible basis to support an appeal.  See Anders,
386 U.S. at 74445; In re Schulman, 252 S.W.3d 403, 406 (Tex.Crim.App. 2008). 
Counsel candidly discusses why, under the controlling authorities, the
appeal is frivolous.  See High
v. State, 573 S.W.2d 807, 813 (Tex.Crim.App.
1978).  Counsel has demonstrated that he
has complied with the requirements of Anders by (1) providing a copy of
the brief to appellant, (2) notifying him of his right to file a pro se
response if he desired to do so, and (3) informing him of his right to file a
pro se petition for discretionary review.[2]  See In re Schulman, 252 S.W.3d at 408.

            When
presented with an Anders brief, an appellate court has a duty to conduct
a full examination of the proceeding, and if its independent inquiry reveals a
non-frivolous or arguable ground for appeal, it must abate the proceeding and
remand the case to the trial court so that new counsel can be appointed to
brief the issues.  See Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); Bledsoe v. State,
178 S.W.3d 824 (Tex.Crim.App. 2005).

            In
the instant case, the clerks record reflects that appellant was originally
charged by information of the felony offense of aggravated assault.  The Texas Constitution requires that the
State obtain a grand jury indictment in a felony case, unless the defendant
waives that requirement.  Tex. Const. art. I, § 10; Teal v.
State, 230 S.W.3d 172, 174 (Tex.Crim.App. 2007); see
also Tex. Code
Crim. Proc. Ann. art.
1.05 (West 2005) (No person shall be held to answer for a felony unless on
indictment of a grand jury.).  Absent an
indictment or valid waiver, a district court does not have jurisdiction over
that case.  Teal, 230 S.W.3d at
17475; Cook v. State, 902 S.W.2d 471, 47576 (Tex.Crim.App.
1995).

            Our
review of the clerks record suggests that no written waiver of indictment was
intelligently, voluntarily, and knowingly executed in connection with the
original plea proceeding.  See Tex. Code Crim. Proc. Ann. art. 1.141
(West 2005).  We do not have a
reporters record of that proceeding from which to determine whether appellant
orally waived indictment in open court.  See
id.  We have deemed the apparent
absence of a waiver of indictment an arguable issue based on three
considerations: (1) counsel has made no representation to the Court in the Anders
brief that appellant waived indictment, (2) the record before us suggests that
appellant did not do so, and (3) the failure of appellant to waive indictment
could divest the trial court of jurisdiction over the original plea proceeding
and, therefore, could be a basis for challenging the trial courts order
adjudicating appellant guilty, even in the procedural posture in which this
case stands.  See Trejo v. State,
280 S.W.3d 258, 261 (Tex.Crim.App.
2009).

            Though,
after thorough review of the records of the plea proceeding, it may be revealed
that appellant did validly waive indictment, we do not have such record before
us and believe that we are required by Anders to abate and remand this
cause to the trial court for appointment of new counsel to review this issue on
behalf of appellant.[3]  See Anders, 386 U.S. at 744
(concluding that if [an appellate court] finds any of the legal points
arguable on the merits (and therefore not frivolous) it must, prior to
decision, afford the indigent the assistance of counsel to argue the appeal); Stafford
v. State, 813 S.W.2d 503, 511 (Tex.Crim.App.
1991) (relying on Anders to conclude that if the Court of Appeals does
find that there are arguable grounds, the appellate court must then guarantee
appellants right to counsel by ensuring that another attorney is appointed to
represent appellant on appeal).

            Having
concluded, from the record before us, that at least one arguable ground for
appeal exists, we grant appellants counsels motion to withdraw, abate this
proceeding, and remand this cause to the trial court for the appointment of new
counsel. See Bledsoe, 178 S.W.3d at 827;
Stafford, 813 S.W.2d at 511.  We
direct the trial court to appoint new counsel to represent appellant on appeal
by April 4, 2011.  The trial court shall
furnish the name, address, telephone number, and state bar number of new counsel
to the Clerk of this Court immediately after the appointment of counsel is
ordered.  Finally, the trial court shall
cause its order appointing counsel to be included in a supplemental clerks
record which shall be filed with the Clerk of this Court by April 14, 2011.  Appellants brief shall address the issue we
have identified, together with any other arguable issues identified by counsel,
and shall be due forty-five days from the date of the trial courts appointment
of new counsel.  All other appellate
deadlines shall run in accordance with the Texas Rules of Appellate Procedure.

            It
is so ordered.

Per Curiam

Do not publish.

 

 











[1]
See
Tex. Penal Code Ann. § 22.02 (West Supp. 2010).

 





[2]
Notwithstanding that appellant was informed of
his right to file a pro se petition for discretionary review upon execution of
the trial courts certification of defendant's right of appeal, counsel must
comply with Rule 48.4 of the Texas Rules of Appellate Procedure which provides
that counsel shall within five days after this opinion is handed down, send appellant
a copy of the opinion and judgment together with notification of his right to
file a pro se petition for discretionary review. In re Schulman, 252
S.W.3d at 409 n.22, 412 n.35.





[3] By our disposition, we do not necessarily preclude
newly-appointed counsels conclusion, after having reviewed the relevant
records and law, that appellant waived indictment and that, even after
reviewing these and any other issues, the appeal is, in fact, frivolous.