NO. 07-04-0384-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

FEBRUARY 23, 2006
_____

JERRY AYERS, APPELLANT

V.

JEFF LEE ERICKSON AND CLAYTON HOLCOMB CANTER, APPELLEES
_____

FROM THE 2ND DISTRICT COURT OF CHEROKEE COUNTY;

NO. 2000-04-314; HONORABLE JOE CLAYTON, JUDGE
_____

Before REAVIS and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

Appellant Jerry Ayers brings this appeal from a summary judgment finding his suit against appellees Jeff Erickson and Clayton Canter barred by limitations. We will affirm.

The facts relevant to this appeal are undisputed. In August 1997 a collection of firearms owned by Ayers was taken from his home in a burglary. Ayers promptly reported the theft to police but had no information on who had taken them. After learning a person named John Byron Cook had possessed some of the guns after the theft, Ayers filed suit against Cook in April 2000. During his deposition in November 2000, Cook implicated

appellees Erickson and Canter in the theft. In 2001, Ayers amended his petition to add Erickson and Canter as defendants.

Erickson and Canter filed answers asserting the affirmative defense of limitations.[1] They contended Ayers' claims were barred by the two-year period of limitations set out in Section 16.003 of the Civil Practice and Remedies Code. Erickson and Canter filed a motion for summary judgment on their limitations defense. After denying the defendants' first motion for summary judgment, the trial court granted a supplemental motion reurging the same ground. The order also severed the claims against Cook, making the summary judgment final and appealable.

Ayers perfected appeal and now presents three issues for our review. His issues ask us to determine whether the trial court erred in granting judgment for Erickson and Canter on the basis of limitations.

A defendant moving for summary judgment on the basis of an affirmative defense such as limitations has the burden to prove conclusively all the elements of the affirmative defense. *KPMG Peat Marwick v. Harrison County Hous. Fin. Corp.*, 988 S.W.2d 746, 748 (Tex. 1999). If the movant establishes that the statute of limitations bars the action, the nonmovant must then produce summary judgment proof raising a fact issue on limitations. *Id.* In reviewing a summary judgment, we take as true all evidence favorable to the nonmovant and make all reasonable inferences in the nonmovant's favor. *Id.* Because

---

[1] Cook is not a party to this appeal and his answer does not appear in the record.

the propriety of a summary judgment is a question of law, we review the trial court's decision de novo. *Natividad v. Alexsis, Inc.*, 875 S.W.2d 695, 699 (Tex. 1994).

Ayers does not question that section 16.003 of the Civil Practice and Remedies Code, which requires a plaintiff to commence suit within two years after the cause of action accrues, applies to claims for conversion and civil conspiracy. His response to the limitations defense is that the discovery rule and the doctrine of equitable estoppel apply to toll limitations until he learned the identity of the defendants. In most cases, a cause of action accrues when a wrongful act causes an injury, even if the fact of injury is not discovered until later and even if all resulting damages have yet to occur. *Childs v. Haussecker*, 974 S.W.2d 31, 36 (Tex. 1998); *S.V. v. R.V.*, 933 S.W.2d 1, 4 (Tex. 1996). In cases when the nature of the injury incurred is inherently undiscoverable and the evidence of injury is objectively verifiable, courts have applied the discovery rule as an "exception to the general rule of accrual." *Childs*, 974 S.W.2d at 36-37; *accord, S.V.*, 933 S.W.2d at 4; *Computer Assocs. Int'l, Inc. v. Altai, Inc.*, 918 S.W.2d 453, 456 (Tex. 1996).

There is no question that Ayers was aware of the theft and resulting injury in August 1997. He offers public policy arguments why accrual of his claims should be tolled until he has a reasonable opportunity to discover the identity of the tortfeasors. Texas courts have addressed the question whether a plaintiff's inability to learn the identity of a potential defendant tolls limitations. Those courts have consistently held it does not. In *Childs*, the Texas Supreme Court held that even under the discovery rule once a person "discovers or in the exercise of reasonable diligence should have discovered the injury and that it was

3

likely caused by the wrongful acts of another," a cause of action accrues, "even if the plaintiff does not know the exact identity of the wrongdoer." 974 S.W.2d at 40. *See also Russell v. Ingersoll-Rand Co.*, 841 S.W.2d 343, 344 n.3 (Tex. 1992). That rule was applied to a claim for conversion in *Steinhagen v. Ehl*, 126 S.W.3d 623, 626 (Tex.App.–Beaumont 2004, pet. denied).

Some authority exists supporting Ayers' argument he could not have brought suit before identifying the proper defendants. *See Riston v. Doe*, 161 S.W.3d 525 (Tex.App.–Houston [14th Dist.] 2004, pet. denied) (holding suit against John Doe defendants did not toll limitations). Ayers contends this result denies him equal protection and due process of law. We may not consider this contention for two reasons. First, it was not presented to the trial court. We may not consider as grounds for reversal of a summary judgment issues not expressly presented to the trial court by written motion, answer or other response. TEX. R. CIV. P. 166a(c); *Casso v. Brand*, 776 S.W.2d 551, 553 (Tex. 1989). Additionally, Ayers presents no citation to authority or argument applying the well-established standards for analyzing claimed deprivations of equal protection and due process. Tex. R. App. P. 38.1(h); *Moser v. Davis*, 79 S.W.3d 162, 170 (Tex.App.–Amarillo 2002, no pet.).

Ayers next argues the accrual of his claims was tolled by the defendants' fraudulent concealment. When applicable, the equitable doctrine of fraudulent concealment estops a defendant from relying on limitations as a defense. *Cadle Co. v. Wilson*, 136 S.W.3d 345, 354 (Tex.App.–Austin 2004, no pet.). The doctrine is limited to those situations in

which the defendant has a duty of disclosure, such as a physician to a patient[2] or attorney to client, or a fiduciary relationship exists. *Id.* Neither Erickson or Canter had a duty of disclosure to Ayers and the doctrine of fraudulent concealment is inapplicable. We overrule Ayers' first two issues.

By his third issue, Ayers contends that his amended pleadings asserted a claim for fraud governed by the four-year limitations period of section 16.004 of the Civil Practice and Remedies Code. We are similarly unable to find in the summary judgment record that such a contention was presented to the trial court. Neither Ayers' pleadings nor his response to the motions for summary judgment advised the trial court that he contended section 16.004 applied to any of his claims. All of the discussion in the summary judgment record concerns the two-year statute under section 16.003. His third point presents nothing for our review, *Casso*, 776 S.W.2d at 553, and is overruled.

Having overruled each of Ayers' issues, we affirm the judgment of the trial court.

James T. Campbell
Justice

---

[2] *See, e.g., Borderlon v. Peck*, 661 S.W.2d 907, 908 (Tex. 1983).