EMAS, J.
Appellant Jay Liebman seeks review by appeal of three separate orders: (1) two orders granting two different defendants’ motions to dismiss the complaint without prejudice to amend, and one order granting a third defendant’s motion to quash service of process. The complaint alleged that twenty-eight defendants engaged in a conspiracy to violate Appellant’s constitutional rights. Liebman’s complaint named sixteen individuals and entities as defendants, and twelve “unknown John Does” as additional defendants.
We affirm the order granting the motion to quash service of process as to defendant Krieger-Martin (one of the “unknown John Does”). Krieger-Martin was not named in the style of the complaint, nor was she referenced in any allegation contained in the body of the complaint.
In the absence of a statute authorizing such a procedure, the filing of a “John Doe” complaint is not sufficient to commence an action against a real party in interest. Grantham v. Blount, Inc., 683 So.2d 538 (Fla. 2d DCA 1996). The complaint failed to give this ostensible defendant actual notice that a lawsuit was being commenced against her. Liebman’s attempted service of process upon this individual (in which the summons described the person to be served as “unknown John Doe # 5”) cannot serve to satisfy this notice requirement. Gilliam v. Smart, 809 So.2d 905, 909 (Fla. 1st DCA 2002) (“The service of process on an individual cannot be used to broaden the scope of the plead *1045 ings to add a defendant who is not named as a party in the complaint.”).
We lack jurisdiction to review the two orders granting motions to dismiss the complaint without prejudice to amend. These orders are non-fínal and non-appeal-able. See Rule 9.130(a)(3), Fla. R.App. P.; Bank of America v. Cartus, 920 So.2d 774 (Fla. 3d DCA 2006); Welch v. Resolution Trust Corp., 590 So.2d 1098 (Fla. 5th DCA 1991).
Affirmed in part and dismissed in part.