DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**FEDERICO DINARDO** and **PATRICIA DINARDO,**
Appellants,

v.

**BAYVIEW LOAN SERVICING, LLC,**
Appellee.

No. 4D19-3970

[November 4, 2020]

Appeal of a nonfinal order from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Dennis D. Bailey, Judge; L.T. Case No. CACE-19-010970 (11).

Peter J. Snyder of Peter J. Snyder, P.A., Boca Raton, for appellants.

Joseph J. Huss and Benny A. Ortiz of Krinzman Huss Lubetsky Feldman & Hotte, Fort Lauderdale, for appellee.

PER CURIAM.

*Affirmed.*

LEVINE, C.J., and KLINGENSMITH, J., concur.
WARNER, J., dissents with opinion.

WARNER, J., dissenting.

I would reverse the order denying the motion to quash service on appellants Federico Dinardo and his wife, Patricia Dinardo, because they were not made parties to the proceeding.

The foreclosure complaint listed as parties, Unknown Tenant #1 and #2. A process server served papers on "Antonio" Dinardo, who was the owner and mortgagor, but at a hearing the court determined that the complaint was actually served on Federico as Unknown Tenant #1, and constructively served on Patricia through Federico as Unknown Tenant #2. I would hold that the trial court erred in concluding that service of process on both Dinardos was sufficient to make them parties to the lawsuit.

The filing of a complaint against a "John Doe," without more, does not commence a cause of action against a real party in interest. *Gilliam v. Smart*, 809 So. 2d 905, 908-9 (Fla. 2d DCA 2002) ("The service of process on an individual cannot be used to broaden the scope of the pleadings to add a defendant who is not named as a party in the complaint."); *Grantham v. Blount, Inc.*, 683 So. 2d 538 (Fla. 2d DCA 1996). *See also Liebman v. Miami-Dade Cty. Code Compliance Office*, 54 So. 3d 1043, 1044 (Fla. 3d DCA 2011) ("The complaint failed to give this ostensible defendant actual notice that a lawsuit was being commenced against her. Liebman's attempted service of process upon this individual (in which the summons described the person to be served as 'unknown John Doe # 5') cannot serve to satisfy this notice requirement.").

Similarly, the filing of a foreclosure complaint against "UNKNOWN PERSON(S) IN POSSESSION OF THE SUBJECT PROPERTY" was likewise insufficient to establish jurisdiction against a person served with a summons. *See Unknown Pers. in Possession of Subject Prop. v. MTGLQ Inv'rs, LP*, 217 So. 3d 1193 (Fla. 3d DCA 2017).

In this case, the complaint alleged only "unknown tenants" as parties. Service of process on appellants was insufficient to make them real parties to the complaint.

\*      \*      \*

***Not final until disposition of timely filed motion for rehearing.***